XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JULIE WENG-GUTIERREZ, State Bar No. 179277
Senior Assistant Attorney General
R. MATTHEW WISE, State Bar No. 238485
Deputy Attorney General
MICHELE L. WONG, State Bar No. 167176
Deputy Attorney General
KARLI EISENBERG, State Bar No. 281923
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7913
 Fax: (916) 324-5567
 E-mail: Karli.Eisenberg@doj.ca.gov
*Attorneys for Plaintiff the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE STATE OF CALIFORNIA, THE STATE OF DELAWARE, THE STATE OF MARYLAND, THE STATE OF NEW YORK, THE COMMONWEALTH OF VIRGINIA,**<br><br>Plaintiffs,<br><br>v.<br><br>**ERIC D. HARGAN, In His Official Capacity as Acting Secretary of the U.S. Department of Health & Human Services; U.S. DEPARTMENT OF HEALTH HUMAN SERVICES; R. ALEXANDER ACOSTA, In His Official Capacity as Secretary of the U.S. DEPARTMENT OF LABOR; STEVEN MNUCHIN, In His Official Capacity as Secretary of the U.S. DEPARTMENT OF THE TREASURY; U.S. DEPARTMENT OF THE TREASURY; DOES 1-100,**<br><br>Defendants. | 4:17-cv-05783-HSG<br><br>**THE STATES' OPPOSITION TO THE PROPOSED DEFENDANT-INTERVENOR'S MOTION TO SHORTEN TIME; STATES' REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO PROPOSED DEFENDANT-INTERVENOR'S MOTION TO INTERVENE**<br><br>Courtroom:  2, 4th Floor<br>Judge:  The Honorable Haywood S. Gilliam, Jr.<br>Action Filed: October 6, 2017 |

1

The States' Opposition to the Proposed Defendant-Intervenor's Motion to Shorten Time; States' Request for an Extension of Time to Respond to Proposed Defendant-Intervenor's Motion to Intervene  (4:17-cv-05783-HSG)

## INTRODUCTION

Forty-six days after the Plaintiff States filed their complaint, and almost two weeks after the States filed their motion for preliminary injunction, Proposed Defendant-Intervenor Little Sisters of the Poor, Jeanne Jugan Residence (LSP) moves for an order shortening time for the briefing and hearing on its motion to intervene.  The States oppose this motion.  Given that the LSP had adequate time to move to intervene well before the hearing on the preliminary injunction motion and chose not to do so, they cannot now show good cause to shorten time.  And because the LSP is entitled to share its perspective on the preliminary injunction motion by filing an amicus brief on or before December 6, 2017, the LSP cannot show that it would suffer "substantial harm or prejudice" by the denial of its motion.

The LSP's proposed briefing schedule would also prejudice the States by interfering with the carefully crafted stipulated briefing schedule on the preliminary injunction motion and by allowing the LSP to file its reply brief hours before the hearing on the motion to intervene, leaving inadequate time for the States and the Court to consider the arguments in the brief.  What is more, the proposed schedule assumes that the Court would not only hear and rule on the LSP's motion to intervene at the hearing on the preliminary injunction motion, but also would permit the LSP to participate in oral argument.  Such scheduling would place the States at an unfair disadvantage at the hearing on the preliminary injunction motion because they would have to respond to arguments that were not properly briefed beforehand.

For these reasons and as detailed below, this Court should deny the LSP's motion for an order shortening time.

## BACKGROUND

On October 6, 2017, Defendants issued interim final rules (IFRs) which the State of California challenged in a lawsuit filed that same day.  ECF No. 1.  The original complaint requested injunctive relief, and specifically referenced the State's intent to file a preliminary injunction.  ECF No. 1 at 1, 2, 19.  Consistent with this request, California alleged that the IFRs would cause immediate harm.  *See, e.g.*, ECF No. 1 at 3.  On the same day, the LSP's counsel

2

The States' Opposition to the Proposed Defendant-Intervenor's Motion to Shorten Time; States' Request for an
Extension of Time to Respond to Proposed Defendant-Intervenor's Motion to Intervene  (4:17-cv-05783-HSG)

issued a press release about the IFRs.[1]  On November 1, 2017, the States filed an amended complaint, again providing notice of the intent to seek a preliminary injunction.  ECF No. 24.

On November 9, 2017, the States moved for a preliminary injunction.  ECF No. 28.  Pursuant to this Court's local rules, the States contacted counsel for Defendants and thereafter filed an unopposed motion to shorten time, setting the hearing date for the preliminary injunction motion for December 14, 2017.  ECF No. 30.

Thereafter, to accommodate Defendants' counsel's schedule, the parties reached an agreement on a stipulated briefing schedule that accounts for the interests of both sides.  ECF No. 33.  Under this stipulation, Defendants' opposition is due November 29, the States' reply is due December 6, and any amicus briefs are due December 6, 2017.  ECF No. 33.  In response to the parties' stipulation, the Court re-set the hearing for December 12, 2017.  ECF No. 36.

On November 20, 2017, forty-six days after California filed this action, the LSP's counsel contacted the States' counsel, asking whether the States would oppose the motion to shorten time or the motion to intervene.  Eisenberg Decl. ¶ 3.  The States requested copies of both motions and requested additional information, including what dates the LSP proposed in its motion to shorten time.  *Id*. at ¶ 4.  The LSP stated that it planned to file on November 20, 2017 and proposed that the States' opposition would be due December 4 and that the LSP's reply would be due December 8, 2017 so that the LSP could participate in the December 12, 2017 hearing.  *Id*. at ¶ 5.  The States responded that they opposed both motions.  *Id*. at ¶ 6.

On November 21, 2017, the LSP filed its underlying motion to shorten time, reflecting new dates.  ECF No. 39.  The LSP now proposes that the opposition to the motion to intervene be due December 5, 2017, and that the LSP's reply be due December 11, 2017, and that the matter be heard and decided on December 12, 2017, so that the LSP can participate at the hearing on the preliminary injunction.  ECF No. 39.  In essence, the LSP requests that this Court render a ruling on their motion to intervene from the bench on December 12, 2017—moments before the oral argument on the preliminary injunction.

---

[1] *See* Becket, "Press Call: Implications of new HHS Rule on Little Sisters of the Poor Lawsuit" (http://www.becketlaw.org/media/type/press-release/) (October 6, 2017); *see also* https://twitter.com/ericrassbach (tweet dated October 10, 2017 about IFRs).

3

The States' Opposition to the Proposed Defendant-Intervenor's Motion to Shorten Time; States' Request for an Extension of Time to Respond to Proposed Defendant-Intervenor's Motion to Intervene  (4:17-cv-05783-HSG)

**ARGUMENT**

The LSP's motion to shorten time should be denied. The LSP has not shown good cause as to why this Court should exempt it from the Court's local rules requiring 35 days' notice for any hearing on the merits. Civil L.R. 7-2(a). This case has been pending since October 6, 2017; counsel for LSP has been well aware of Defendants' actions, as demonstrated by its same-day press conference and subsequent tweets. ECF No. 1. Indeed, the complaint, filed forty-seven days ago, expressly requested a preliminary injunction and noted that there was imminent harm to the States, and the States filed their motion for a preliminary injunction almost two weeks ago. Yet the LSP waited until the eleventh hour to file its motion to intervene, and has failed to provide any reason to justify the delay. *See Medtronic Vascular Inv. v. Advanced Cariovascular Systems, Inc.*, Case No. C 06-1066 PJH, 2007 WL 2903997, at *1 (N.D. Cal. Oct. 4, 2007) (denying motion to shorten time where movant knew of its need to file the motion well in advance of when the motion was filed, and movant was responsible for the delay in bringing the motion).

Nor has the LSP shown that it would suffer "substantial harm or prejudice" if the Court does not shorten time to hear the motion to intervene. Civil L.R. 6-3(a)(3). To the contrary, the LSP can make its voice heard on the preliminary injunction motion by filing an amicus brief on or before December 6, 2017. This briefing would also give the other parties and the Court an opportunity to consider the LSP's arguments before the hearing.

In addition, the LSP's proposed briefing schedule disturbs the stipulated briefing schedule approved by the Court. The parties carefully considered briefing deadlines to accommodate the parties' and the Court's schedule. Notably, this schedule includes an opportunity for amicus to file papers in this matter. The LSP's proposed schedule would substantially modify the Court's order. The LSP proposes that the States file an opposition to the motion to intervene on December 5—the day before the reply in support of the motion for preliminary injunction is due. Further, the LSP proposes filing its reply brief on December 11—the day before oral argument on the motion. On this timeline, there would be little time for the parties or the Court to meaningfully consider the reply brief before the hearing. Even more problematic is the

4

suggestion that the Court, on December 12, 2017, immediately following oral argument, recognize the LSP as a party and allow the LSP to participate in oral argument on the merits of the preliminary injunction without providing notice of its position on the issues raised in the preliminary injunction motion. *People of State of Cal. ex. rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1316, 1318 (9th Cir. 1985) (district court did not err in denying motion to shorten time where proposed intervenor requested motion to intervene be heard so that proposed intervenor could participate in the motion on the preliminary injunction).

The States are not opposed, in principle, to a motion to shorten time on the motion to intervene. For example, if there were good cause and a showing of substantial harm or prejudice, the States would be open to moving the hearing on the motion to intervene, but given the carefully crafted schedule, devised in part to alleviate expected harm occurring on January 1, the States cannot accommodate LSP's request, especially given that under the schedule proposed by the LSP, the States would suffer prejudice.

Finally, in light of the briefing schedule on the preliminary injunction motion and the Thanksgiving holiday, the States request additional time to file an opposition to the LSP's motion to intervene. The motion to intervene raises numerous substantive legal issues, including whether the LSP has standing to intervene in this litigation in the first place. Given the current briefing and hearing schedule and the federal holiday, the States request that they have until December 13, 2017, to file their opposition to the LSP's motion to intervene.

## CONCLUSION

The States respectfully request that the Court deny the LSP's motion for an order shortening time and that the Court extend the deadline for the States to respond to the LSP's motion to intervene to December 13, 2017.

5

The States' Opposition to the Proposed Defendant-Intervenor's Motion to Shorten Time; States' Request for an Extension of Time to Respond to Proposed Defendant-Intervenor's Motion to Intervene  (4:17-cv-05783-HSG)

| | |
|---|---|
| Dated:  November 22, 2017 | Respectfully submitted,<br><br>XAVIER BECERRA<br>Attorney General of California<br>JULIE WENG-GUTIERREZ<br>Senior Assistant Attorney General<br><br>*/s/ R. Matthew Wise*<br>*/s/ Karli Eisenberg*<br>*/s/ Michele L. Wong*<br><br>R. MATTHEW WISE<br>KARLI EISENBERG<br>MICHELE L. WONG<br>Deputy Attorneys General<br>*Attorneys for Plaintiff the State of California*<br><br>MATTHEW P. DENN<br>Attorney General of Delaware<br>AARON R. GOLDSTEIN<br>State Solicitor<br>LAKRESHA S ROBERTS<br>Chief Deputy Attorney General<br>JESSICA M. WILLEY<br>Deputy Attorney General<br>*Attorneys for Plaintiff the State of Delaware*<br><br>BRIAN E. FROSH<br>Attorney General of Maryland<br>CAROLYN A. QUATTROCKI<br>Deputy Attorney General<br>STEVE M. SULLIVAN<br>Solicitor General<br>KIMBERLY S. CAMMARATA<br>Director, Health Education and Advocacy<br>*Attorneys for Plaintiff the State of Maryland*<br><br>ERIC T. SCHNEIDERMAN<br>Attorney General of New York<br>LISA LANDAU<br>Bureau Chief, Health Care Bureau<br>SARA HAVIVA MARK<br>Special Counsel<br>ELIZABETH CHESLER<br>Assistant Attorney General<br>*Attorneys for Plaintiff the State of New York*<br><br>MARK R. HERRING<br>Attorney General of Virginia<br>SAMUEL T. TOWELL<br>Deputy Attorney General<br>*Attorneys for Plaintiff the Commonwealth of Virginia* |

SA2017109209  12889819.docx

6

The States' Opposition to the Proposed Defendant-Intervenor's Motion to Shorten Time; States' Request for an Extension of Time to Respond to Proposed Defendant-Intervenor's Motion to Intervene  (4:17-cv-05783-HSG)

# CERTIFICATE OF SERVICE

Case Name:   *St. of Ca. et. al v. Health & Human Services, et al.*   No: 4:17-cv-05783-HSG

I hereby certify that on November 22, 2017, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## Opposition to Motion to Shorten Time

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 22, 2017, at Sacramento, California.

| Francina M. Stevenson | */s/ Francina M. Stevenson* |
|---|---|
| Declarant | Signature |

SA2017109209
12891495.docx