XAVIER BECERRA, State Bar No. 118517
Attorney General of California
KATHLEEN BOERGERS, State Bar No. 213530
Supervising Deputy Attorney General
NELI PALMA, State Bar No. 203374
Deputy Attorney General
KARLI EISENBERG, State Bar No. 281923
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
Telephone: (916) 210-7913
Fax: (916) 324-5567
E-mail: Karli.Eisenberg@doj.ca.gov
*Attorneys for Plaintiff State of California*

*[Additional counsel listed on next page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**THE STATE OF CALIFORNIA; THE STATE OF DELAWARE; THE STATE OF MARYLAND; THE STATE OF NEW YORK; THE COMMONWEALTH OF VIRGINIA,**

Plaintiffs,

**v.**

**ALEX M. AZAR, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; R. ALEXANDER ACOSTA, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF LABOR; U.S. DEPARTMENT OF LABOR; STEVEN MNUCHIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF THE TREASURY; U.S. DEPARTMENT OF THE TREASURY; DOES 1-100,**

Defendants,

and,

**THE LITTLE SISTERS OF THE POOR, JEANNE JUGAN RESIDENCE; MARCH FOR LIFE EDUCATION AND DEFENSE FUND,**

Defendant-Intervenors.

4:17-cv-05783-HSG

**ADMINISTRATIVE MOTION TO LIFT THE STAY**

**[N. D. CAL. CIVIL L. R. 7-11]**

Judge: Hon. Haywood S. Gilliam, Jr.
Trial Date: Not set
Action Filed: October 6, 2017

ATTORNEYS FOR ADDITIONAL PLAINTIFFS

MATTHEW P. DENN
*Attorney General of Delaware*
ILONA KIRSHON
*Deputy State Solicitor*
JESSICA M. WILLEY
DAVID J. LYONS
*Deputy Attorneys General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
*Attorneys for Plaintiff the State of Delaware*


BRIAN E. FROSH
*Attorney General of Maryland*
STEVE M. SULLIVAN
*Solicitor General*
CAROLYN A. QUATTROCKI
*Deputy Attorney General*
KIMBERLY S. CAMMARATA
*Director, Health Education and Advocacy*
200 St. Paul Place
Baltimore, MD 21202
*Attorneys for Plaintiff the State of Maryland*


BARBARA D. UNDERWOOD
*Attorney General of New York*
LISA LANDAU
*Bureau Chief, Health Care Bureau*
SARA HAVIVA MARK
*Special Counsel*
ELIZABETH CHESLER
*Assistant Attorney General*
120 Broadway
New York, NY 10271
*Attorneys for Plaintiff the State of New York*


MARK R. HERRING
*Attorney General of Virginia*
SAMUEL T. TOWELL
*Deputy Attorney General*
202 North Ninth Street
Richmond, VA 23219
*Attorneys for Plaintiff the Commonwealth of Virginia*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs the States of California, Delaware, Maryland, New York, and the Commonwealth of Virginia (the States) move this Court for relief of stay on the grounds that the stay is no longer justified due to change of circumstances.  The stay was granted pending resolution of defendants' appeals of the preliminary injunction entered by the Court on December 21, 2017, which stayed the effect of the interim final rules.  Dckt. No. 147.  While the appeals were pending, federal defendants issued final rules that will take effect on January 14, 2019.  With the issuance of final rules, the appeals from the preliminary injunction will become moot.  Lifting the stay and allowing amendment of the States' complaint as requested in a companion forthcoming motion will allow the Court to address the substantive issues not addressed in its preliminary injunction order, as well as new claims and issues arising from the final rules.

The States respectfully request that the Court grant their Motion to Lift the Stay.  The federal defendants do not oppose the States' motion.  Eisenberg Decl. ¶ 4.  The intervenor-defendants Little Sisters and March for Life do "not oppose lifting the stay for the limited purpose of having a status conference with the court about how best to proceed."  *Id*. at ¶¶ 5, 6.

**II.     BACKGROUND**

      **A.      Proceedings in this Court**

On October 6, 2017, the U.S. Department of Health and Human Services, in conjunction with the U.S. Department of Labor and the U.S. Department of the Treasury (Departments), without any notice or comment period, issued two illegal IFRs that drastically changed access to contraceptive coverage under the Patient Protection and Affordable Care Act (ACA).  The IFRs went into effect immediately.  The IFRs expanded the scope of exemptions to the contraceptive coverage requirements to, among other things, allow nearly *any* employer *or* health insurer with a religious or moral objection to opt out of the ACA's contraceptive-coverage requirement with no assurances that the federal government would provide critical oversight to ensure coverage.  The new regime also did not require that the employer notify the federal government of its decision to cease contraceptive coverage.  Further, unlike the prior regulations, the IFRs rendered the

accommodation process—a process which ensured women continued to receive contraceptive coverage if their employer opted out—entirely optional. As a result of these new rules, women across the nation would lose access to contraceptive coverage including counseling, leaving the States to shoulder the additional fiscal and administrative burdens.

On October 6, 2017, the State of California filed a Complaint for Declaratory and Injunctive Relief challenging the illegal IFRs and seeking an injunction to prevent the IFRs from taking effect. The complaint alleged that the IFRs violate the Administrative Procedure Act (APA) and the Establishment Clause and the Equal Protection Clause of the U.S. Constitution. Dckt. No. 1. On November 1, 2017, the States of Delaware, Maryland, and New York and the Commonwealth of Virginia joined as plaintiffs, and the States filed a First Amended Complaint. Dckt. No. 24.

On November 9, 2017, the States moved for a preliminary injunction. Dckt. No. 28. On December 21, 2017, this Court granted the motion, finding that, "at a minimum," the States were likely to succeed on the merits of their procedural APA claim. Dckt. No. 105 at 2:15-18, 17:18-26:9. The Court also found that a preliminary injunction was necessary to avoid irreparable harm, including harm to the States' fiscs, the public health of their citizens, and their procedural interest in participating in the public comment process. *Id.* Federal defendants and defendant-intervenors appealed, but did not seek to stay the preliminary injunction. Dckt. Nos. 135, 137, 142.

On March 8, 2018, the parties filed a Stipulation Regarding Stay of District Court Proceedings Pending Appeal. Dckt. No. 146. The Stipulation, signed by all parties to the district court proceeding, states that the Court should stay further district court proceedings pending resolution of the defendants' appeals. *Id.*; *see also* Dckt. No. 124 at 3-4. On March 8, 2018, this Court granted the parties' stipulation, "staying this case pending resolution of Defendants' appeals." Dckt. No. 147.

**B. Status of the IFRs and the Final Rules**

During the pendency of the appeals, the federal defendants issued final rules. Specifically, the final religious rule and the final moral rule were made publicly available on November 7, 2018, and were published on November 15, 2018. The two rules go into effect on January 14,

2019. Once effective, the final rules will supersede the IFRs and will render the preliminary injunction as to the IFRs moot.

### C. Status of the Appeal

The Ninth Circuit heard oral argument on October 19, 2018. Subsequently, the Ninth Circuit ordered that the parties submit supplemental briefs addressing whether the final rules moot the appeals. On November 16, 2018, the parties submitted their supplemental briefs. All parties agreed that the final rules, once effective, will supersede the IFRs and most parties agreed that the final rules rendered the States' notice and comment claim as to the interim final rules moot. Federal Defs.' Supplemental Br., Ninth Circuit No. 18-15144, Dckt. No. 125 at 11 ("the final rules, when they become effective, will moot the States' procedural (i.e., notice-and-comment challenge to the interim rules—the only claim on appeal"); Little Sisters' Supplemental Br., Ninth Circuit No. 18-15144, Dckt. No. 128 at 2 ("federal defendants issued a final rule to replace" the interim final rules); March for Life's Supplemental Br., Ninth Circuit No. 18-15166, Dckt. No. 133 at 4 (final rules "will moot the States' procedural APA claims" as to the interim final rules).[1]

## III. STANDARD FOR LIFTING THE STAY

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1888-89 (2016) (district court has inherent power to "manage its docket and courtroom with a view toward the efficient and expedient resolution of cases").

---

[1] In *Commonwealth of MA v. Dep't of Health & Human Servs., et al.*, Case No. 18-1514 (1st Cir.), on November 8, 2018, the federal appellees moved to stay the briefing schedule pending their filing of a motion to govern further proceedings. The federal appellees explained that because the federal agencies had "promulgated final rules superseding th[e] interim final rules" challenged in the underlying litigation, the parties should file briefing to advise the Court as to the impact the final rules have on the pending appeal. Similarly, in *Commonwealth of Pennsylvania v. Trump*, Case No. 18-1253 (3rd Cir.), the federal appellants filed a motion to stay the briefing schedule, pending the federal appellants filing a motion to govern proceedings and the Court's disposition of their motion.

"'[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.'" *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW, 2011 U.S. Dist. LEXIS 72847, 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)). The court may lift the stay if circumstances have changed from the time the stay was put in place. *Id*. The court considers the same factors that are considered when granting a stay, namely: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interests in the proceeding; and (4) where the public interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

## IV.   DISCUSSION

### A.   Current Circumstances Support Lifting the Stay

In the administrative context, a subsequent rulemaking that supersedes a challenged regulation or rule can make a challenge to the prior regulation or rule moot. *Ass'n of Am. Physicians & Surgeons v. Sebelius*, 746 F.3d 468, 472 (D.C. Cir. 2014). In this case, the issuance of the final rules will render the pending appeals from the Court's order granting a preliminary injunction moot, effective January 14, 2019. This Court's preliminary injunction was based on the conclusion that the States were likely to prevail on their procedural claim that the IFRs are invalid because they were adopted without notice and comment.

For this reason, the States request relief from the stay so that they may amend their complaint in light of the publication of the final rules, which suffer from many of the same defects as the IFRs and go further in reducing access to contraception. Like the IFRs, the final rules greatly expand the scope of the exemption from the ACA's contraceptive coverage requirement available to religious entities, and add an entirely new exemption based on moral objections, without due regard to the government's compelling interest in ensuring access to such coverage for women. In seeking to demonstrate that women will not be harmed, the rules suggest that women seek out contraceptive coverage through federal Title X family planning clinics; however, such a suggestion *demonstrates* that the rules require women to take additional steps—

outside of their employer-sponsored healthcare—to access necessary care. Lifting the stay and allowing amendment of the complaint would allow the Court to address the outstanding, substantive issues not addressed in its preliminary injunction order and any new claims arising from the final rules.

### B. Lifting the Stay Will Allow the States to Protect Themselves from the Harmful Effects of the Final Rules

In addition to filing an amended complaint, the States are planning to seek to enjoin the final rules before they take effect on January 14, 2019. As the federal defendants concede, these rules are largely similar to the IFRs. *See* Federal Defs.' Supplemental Br., Ninth Circuit No. 18-15144, Dckt. No. 125 at 6 ("the substance of the rules remains largely unchanged"); *see also* Little Sisters' Supplemental Br., Ninth Circuit No. 18-15144, Dckt. No. 128 at 2 (noting the final rule is "substantively identical" to the interim final rule). In ruling on the preliminary injunction, this Court noted that, "at a minimum" the States were likely to succeed on their procedural claim. Dckt. No. 105 at 2:15-18. The States now plan to move forward on the substantive claims and any potential new claims.

### C. The Balance of Hardship Weighs in Favor of Lifting the Stay

Maintaining the stay will prevent the States from having their substantive claims presented to the Court in time to potentially enjoin the harmful final rules due to take effect on January 14, 2019. This Court has already recognized the dire public harm and fiscal consequences the States and their citizens are likely to suffer should the rules take effect. Dckt. No. 105 at 26:10-28:5. Lifting the stay to permit the States leave to amend their complaint will not prejudice defendants.

### D. Lifting the Stay Will Promote Judicial Efficiency

An order lifting the stay is urgently needed in light of the recently issued final rules due to take effect on January 14, 2019. The States plan to file a Motion to Amend their Complaint and, if granted, an amendment of the complaint will allow the Court to address the outstanding substantive issues already raised by this case, but not yet addressed by this Court's prior orders.

## V. CONCLUSION

The States respectfully request that this Court grant the States' Motion to Lift the Stay.

Dated: November 30, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JULIE WENG-GUTIERREZ
Senior Assistant Attorney General
KATHLEEN BOERGERS
Supervising Deputy Attorney General

***/s/ Karli Eisenberg***

KARLI EISENBERG
NELI PALMA
Deputy Attorneys General
*Attorneys for Plaintiff the State of California*

MATTHEW P. DENN
Attorney General of Delaware
ILONA KIRSHON
Deputy State Solicitor
JESSICA M. WILLEY
DAVID J. LYONS
Deputy Attorneys General
*Attorneys for Plaintiff the State of Delaware*

BRIAN E. FROSH
Attorney General of Maryland
CAROLYN A. QUATTROCKI
Deputy Attorney General
STEVE M. SULLIVAN
Solicitor General
KIMBERLY S. CAMMARATA
Director, Health Education and Advocacy
*Attorneys for Plaintiff the State of Maryland*

BARBARA D. UNDERWOOD
Attorney General of New York
LISA LANDAU
Bureau Chief, Health Care Bureau
SARA HAVIVA MARK
Special Counsel
ELIZABETH CHESLER
Assistant Attorney General
*Attorneys for Plaintiff the State of New York*

MARK R. HERRING
Attorney General of Virginia
SAMUEL T. TOWELL
Deputy Attorney General
*Attorneys for Plaintiff the Commonwealth of Virginia*

SA2017109209
13327726.docx