Nos. 18-15144; 18-15166; 18-15255
Argued October 19, 2018 before Judges Wallace, Kleinfeld, and Graber

# In the United States Court of Appeals for the Ninth Circuit

THE STATE OF CALIFORNIA, *et al.*,

*Plaintiffs-Appellees*,

*v.*

ALEX M. AZAR II in his official capacity as Acting Secretary of the U.S. Department of Health and Human Services, *et al.*,

*Defendants-Appellants*,

and

THE LITTLE SISTERS OF THE POOR JEANNE JUGAN RESIDENCE,

*Intervenor-Defendant-Appellant*,

and

MARCH FOR LIFE EDUCATION AND DEFENSE FUND,

*Intervenor-Defendant-Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SUPPLEMENTAL BRIEF OF INTERVENOR-DEFENDANT-APPELLANT THE LITTLE SISTERS OF THE POOR JEANNE JUGAN RESIDENCE

Mark L. Rienzi
Eric C. Rassbach
Lori H. Windham
Diana M. Verm
Chase T. Harrington*
THE BECKET FUND FOR RELIGIOUS LIBERTY
1200 New Hampshire Ave. NW, Ste. 700
Washington, DC 20036
(202) 955-0095

*Admitted in Colorado;
  supervised by firm members*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES .................................................................ii

INTRODUCTION ...........................................................................1

ARGUMENT ................................................................................2

I.   The new rule. ........................................................................2

II.  The final rule does not moot this appeal. .........................................3

     A. The IFR's validity remains a live issue
        even after promulgation of a final rule. ......................................4

     B. Standing is fully briefed and is reviewable
        in this Court. ...............................................................10

III. In the alternative, the Court should hold the
     case in abeyance. ...............................................................12

CONCLUSION .............................................................................13

ADDENDUM ...............................................................................14

CERTIFICATE OF COMPLIANCE .......................................................15

CERTIFICATE OF SERVICE..............................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action on Smoking & Health v. CAB,*
  713 F.2d 795 (D.C. Cir. 1983) ................................................................. 9

*In re Bunker Ltd. P'ship,*
  820 F.2d 308 (9th Cir. 1987) ............................................................... 3, 8

*Cantrell v. City of Long Beach,*
  241 F.3d 674 (9th Cir. 2001) ................................................................. 10

*Conservation Law Found. v. Evans,*
  360 F.3d 21 (1st Cir. 2004) ...................................................................... 6

*Dow Chem. Co. v. EPA,*
  605 F.2d 673 (3d Cir. 1979) ..................................................................... 5

*Enrico's, Inc. v. Rice,*
  730 F.2d 1250 (9th Cir. 1984) .................................................................. 3

*Friends of the Earth, Inc. v.
  Laidlaw Envtl. Servs. (TOC), Inc.,*
  528 U.S. 167 (2000) ........................................................................... 9, 10

*Georgetown Univ. Hosp. v. Bowen,*
  821 F.2d 750 (D.C. Cir. 1987) ................................................................. 8

*Hobby Lobby Stores, Inc. v. Sebelius,*
  723 F.3d 1114 (10th Cir. 2013) ............................................................... 5

*Initiative & Referendum Inst. v. U.S. Postal Serv.,*
  685 F.3d 1066 (D.C. Cir. 2012) ............................................................... 6

*Knox v. SEIU, Local 1000,*
  567 U.S. 298 (2012) .................................................................................. 3

*Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Burwell*,
   794 F.3d 1151 (10th Cir. 2015)............................................................ 5

*Los Angeles Cty. v. Davis*,
   440 U.S. 625 (1979) ............................................................................ 3

*Md. Highways Contractors Ass'n, Inc. v. State of Md.*,
   933 F.2d 1246 (4th Cir. 1991)....................................................... 11, 12

*Nat'l Cmty. Reinvestment Coal. v. Nat'l Credit Union Admin.*,
   290 F. Supp. 2d 124 (D.D.C. 2003) .................................................. 10

*Paulsen v. Daniels*,
   413 F.3d 999 (9th Cir. 2005).............................................................. 8

*Performance Coal Co. v. Fed. Mine Safety & Health Review Comm'n*,
   642 F.3d 234 (D.C. Cir. 2011) ............................................................ 7

*S. Pac. Terminal Co. v. ICC*,
   219 U.S. 498 (1911)............................................................................ 7

*Sorenson Commc'ns Inc. v. FCC*,
   755 F.3d 702 (D.C. Cir. 2014) ............................................................ 6

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)........................................................................... 10

*Super Tire Engineering Co. v. McCorkle*,
   416 U.S. 115 (1974) ........................................................................ 4, 8

*Syed v. M-I, LLC*,
   853 F.3d 492 (9th Cir. 2017).............................................................. 4

*Texas v. United States*,
   809 F.3d 134 (5th Cir. 2015)........................................................10-11

*WildEarth Guardians v. EPA*,
   830 F.3d 529 (D.C. Cir. 2016) ............................................................ 3

*Wyoming v. U.S. Dep't of Interior,*
   674 F.3d 1220 (10th Cir. 2012) ............................................................ 4

**Statutes**

42 U.S.C. § 300gg-13(a)(4) .................................................................... 7

**Other Authorities**

75 Fed. Reg. 41,726 (July 19, 2010) ....................................................... 7

76 Fed. Reg. 46,621 (Aug. 3, 2011) ........................................................ 7

79 Fed. Reg. 51,092 (Aug. 27, 2014) ...................................................... 7

82 Fed. Reg. 47,792 (Oct. 13, 2017) ....................................................... 2

83 Fed. Reg. 57,536 (Nov. 15, 2018) ...................................................... 2

**INTRODUCTION**

This appeal is not moot, and in any event, the Court should decide the substantive merits and standing issues that have been fully briefed and argued.

The new final rule does not moot this appeal for at least five reasons. First, the new final rule does not take effect until January 14, 2019, which means that this appeal—and the district court's injunction— remain live. Second, the substantive validity of the IFR is at issue in this appeal, *see* States' Br. (SB) 53-55; Little Sisters' reply brief (Reply) 15-26, and that substance has been retained in the new final rule. Third, the new rule is voluntary cessation of a challenged government practice. Fourth, the validity of proceeding by IFR is an issue that is capable of repetition yet evading review. Fifth, the validity of the Fourth IFR is a necessary part of the States' claims against the new final rule (because the States will argue to revert not to the Fourth IFR, but to the prior rules). Sixth, the case cannot continue if this Court concludes that the States lack standing to sue. *See* Little Sisters' opening brief (Br.) at 27- 40.

Thus, the IFR itself, the substance of both the IFR and the new final rule, and the question of standing all remain live and in need of decision. The Little Sisters, therefore, respectfully request that this court reverse the district court on the threshold issue of standing or determine the validity of the Fourth IFR.

## ARGUMENT

### I. The new rule

On November 7, 2018, the federal defendants issued a final rule to replace the Fourth IFR challenged by the plaintiff States in this case. 83 Fed. Reg. 57,536 (Nov. 15, 2018). The rule will be effective on January 14, 2019, 60 days after November 15, when the rule was published in the federal register. The rule considers the comments submitted on the Fourth IFR, and it maintains a substantively identical religious exemption for groups like the Little Sisters of the Poor.[1]

---

[1] *Compare* 82 Fed. Reg. 47,792, 47,835 (Oct. 13, 2017) ("The exemption of this paragraph (a) will apply to the extent that an entity described in paragraph (a)(1) of this section objects to its establishing, maintaining, providing, offering, or arranging (as applicable) coverage, payments, or a plan that provides coverage or payments for some or all contraceptive services, based on its sincerely held religious beliefs.") *with* 83 Fed. Reg. at 57,590 ("The exemption of this paragraph (a) will apply to the extent that an entity described in paragraph (a)(1) of this section objects, based on its sincerely held religious beliefs, to its establishing, maintaining,

## II. The final rule does not moot this appeal.

In order for a claim to be moot, there must be "no reasonable expectation . . . that the alleged violation will recur," and subsequent events must "have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quotations omitted). A case is not moot so long as even partial relief is hypothetically possible. *See, e.g.*, *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-08 (2012); *WildEarth Guardians v. EPA*, 830 F.3d 529, 537-38 (D.C. Cir. 2016).[2]

In this appeal, any question of mootness does not come into play until January 14, when the final rule will take effect. If this Court has not ruled on the IFRs by that time, there are multiple live questions that remain at issue and require a ruling from this Court, including the States' arguments that the IFR—and thus the final rule—is

---

providing, offering, or arranging for (as applicable): (i) Coverage or payments for some or all contraceptive services; or (ii) A plan, issuer, or third party administrator that provides or arranges such coverage or payments.").

[2] Mootness, like standing, is an *a priori* question, *e.g.*, *In re Bunker Ltd. P'ship*, 820 F.2d 308, 310 (9th Cir. 1987), since this Court "lack[s] jurisdiction to hear moot cases," *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253 (9th Cir. 1984).

substantively invalid, whether the government can use interim final rules to bring the mandate into compliance with RFRA, and whether the States have standing to bring this action at all.

## A. The IFR's validity remains a live issue even after promulgation of a final rule.

The validity of the Fourth IFR is a question that will continue to affect any litigation over the final rule for several reasons.

First, the States have challenged the IFR on its merits, and since the substance of the IFR has not been changed by the final rule, the States' arguments have been fully briefed and are reviewable by this Court. *See* SB 53 ("[T]his Court may uphold the preliminary injunction should it determine that there is a likelihood of success on any of these causes of action.") (citing *Syed v. M-I, LLC*, 853 F.3d 492, 506 (9th Cir. 2017)). Though the interim rule was superseded, the "challenged governmental activity" remains the same and certainly has not ceased, warranting judicial review and consideration of "declaratory relief." *See Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 122 (1974); *see also, e.g.*, *Wyoming v. U.S. Dep't of Interior*, 674 F.3d 1220, 1230 (10th Cir. 2012) (rejecting that a suit against a superseded "temporary rule" was moot because the newer rule was "a mirror image" of the challenged rule)

4

(quotations omitted). Declaring this case moot while the departments have not "altered [their] substantive stance" would leave the States under the "non-speculative threat" of the complained agency action "while delaying any decision on the legality of that action." *Dow Chem. Co. v. EPA*, 605 F.2d 673, 679 (3d Cir. 1979) (rejecting argument that a challenge to a withdrawn EPA regulation was moot). Doing so would also force the Little Sisters—who have needed to be in federal court seeking a religious exemption since 2013—to needlessly return to the trial court instead of making progress toward final resolution.

Indeed, in prior litigation on the same mandate, both *Hobby Lobby* and *Zubik* considered appeals of preliminary injunction rulings, and in both cases, the regulations changed over the course of the litigation. *See Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Burwell*, 794 F.3d 1151, 1163-64 (10th Cir. 2015), *vacated and remanded sub nom. Zubik v. Burwell*, 136 S. Ct. 1557 (2016) (noting that the regulations had changed since the district court's order); *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1124 (10th Cir. 2013), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014) (addressing pending proposed rules).

5

There, as here, the core issues remained live and warranted judicial review.

Second, federal courts routinely review procedural challenges to successive interim regulations that expire or are replaced amid litigation as voluntary cessation of a challenged practice. In *Conservation Law Foundation v. Evans*, for instance, the court reviewed a claim that a fishery management plan lacked good cause to issue without notice and comment, even though that rule was later "superseded" by a subsequent rule. 360 F.3d 21, 24-27 (1st Cir. 2004). The court held that the agency's promulgation of a new rule "while th[e] appeal was pending" constituted "voluntary cessation," and that "where a challenged regulation continues to the extent that it is only superficially altered by a subsequent regulation, [it was] capable of meaningful review." *Id.* at 24, 26; *see also, e.g., Sorenson Commc'ns Inc. v. FCC*, 755 F.3d 702, 705 n.2 (D.C. Cir. 2014) (holding that a procedural challenge to a "superseded" interim rule was not mooted by promulgation of the final rule because the interim rule had allegedly caused fiscal harm and "vacatur" of the interim rule was an effective remedy); *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 685 F.3d 1066, 1074 (D.C. Cir. 2012) ("A challenge to a superseded law"

is not moot when "there [is] evidence indicating that the challenged law likely will be reenacted." (alteration in original)). Here, the government has ceased promulgating a rule without notice and comment, but it has not ceased the actions that the States claim will cause substantive harm—exempting the Little Sisters and other religious objectors from the mandate.

Third, for similar reasons, the challenged IFR is a classic example of agency action that is "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 514-16 (1911) (holding not moot a railroad company's suit against an expired Interstate Commerce Commission order). Before this Court are the *fourth* and *fifth* IFRs in a series of changes the departments have made to their regulations under the Patient Protection and Affordable Care Act's "preventive care and screenings" provision. *See* 42 U.S.C. § 300gg-13(a)(4); *see also, e.g.*, 75 Fed. Reg. 41,726, 41,728 (July 19, 2010) (First IFR); 76 Fed. Reg. 46,621 (Aug. 3, 2011) (Second IFR); 79 Fed. Reg. 51,092 (Aug. 27, 2014) (Third IFR). Even though HHS has issued a final rule, the implementation of the Fourth IFR will also "evad[e] review." *Performance Coal Co. v. Fed. Mine Safety & Health Review Comm'n*, 642 F.3d 234, 237 (D.C. Cir. 2011)

7

(If "the duration of the challenged action is too short to be litigated fully before it expires and there is a reasonable expectation the party will be subjected to the same action again, its claims are not moot."). Yet the "important ingredient"—the religious exemption—will "continu[e] to affect" the States' alleged interest. *See Super Tire Eng'g Co.*, 416 U.S. at 126 (holding that a labor dispute case was not moot when the strike settled). That is why this Court acknowledged that even superseding legislation "may not" moot an appeal when the "new provision" means "essentially the same thing as the old one." *Bunker*, 820 F.2d at 312 (Wallace, J.).

Fourth, given that they have argued the IFR is substantively invalid, it is likely that the States will seek to enjoin the current final rule. If they succeed, the district court will face a decision about what effect that invalidation will have. In its preliminary injunction order, the district court held that "'[t]he effect of invalidating an agency rule is to reinstate the rule previously in force.'" Op. at 28 (quoting *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005)). Since the prior rule in this case is now the Fourth IFR, the validity of the Fourth IFR will remain at issue. *See Georgetown Univ. Hosp. v. Bowen*, 821 F.2d 750, 757 (D.C. Cir. 1987)

(determining that "invalidating an agency rule" that failed to go through notice and comment "necessarily reinstated" the prior rule), *aff'd*, 488 U.S. 204 (1988); *Action on Smoking & Health v. CAB*, 713 F.2d 795, 798 (D.C. Cir. 1983) (same). In fact, it is also likely that, in response to any finding that the new rule is invalid, the departments would issue a sixth IFR in an attempt to comply with the court's order while not violating RFRA, making it even more implausible "that the allegedly wrongful behavior"—here, the Department's authority to issue interim rules to comply with RFRA—"could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The departments' authority to issue such rules is therefore not just a live question; it is an inescapable one.

For the Little Sisters, that is not just an abstract problem. They have been litigating their rights under the mandate since 2013, and allowing the government to extend the litigation by issuing a new rule keeps them in a never-ending loop without certainty on their rights under the law. Because no party can carry the "heavy burden" of making "absolutely clear" that the departments' series of interim rules balancing the contraceptive mandate against RFRA and dozens of judicial decrees has

9

been resolved by the latest final rule, the States' challenge to these interim rules is not moot. *See Id.* at 189.

## B. Standing is fully briefed and is reviewable in this Court.

Notwithstanding this Court's determination on mootness, this case presents standing issues that are fully briefed and are best resolved at this stage of the litigation. *See, e.g., Nat'l Cmty. Reinvestment Coal. v. Nat'l Credit Union Admin.*, 290 F. Supp. 2d 124, 136-37 (D.D.C. 2003) (finding that both mootness and lack of standing provided basis for dismissing complaint).

Below and in this Court, the Little Sisters have argued that the States have failed to show a concrete injury resulting from the Fourth IFR. Br. 27-40; Reply Br. 27-34; Dkt. 75 at 7-9. The existence of a redressable injury is a threshold issue reached before consideration of procedural standing. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing."); *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001) (presence of "procedural right does not affect [the] injury in fact analysis"); Br. 36-37. *See also Texas v.*

10

*United States*, 809 F.3d 134 (5th Cir. 2015) (requiring injury in fact even where states have special solicitude), *aff'd*, 136 S. Ct. 2271 (2016). Thus, the question of whether a religious exemption causes injury to the States is fully before this Court, and the States have had an opportunity to respond to the Defendants' arguments on this issue. With the same religious exemption as the Fourth IFR, the final rule poses the same threat to the States as the Fourth IFR: none.

Since the States' arguments on the merits of the IFRs will continue to apply to the final rule, this litigation is likely to continue. Since the new rule does not change the injury analysis, this Court's guidance on standing will be useful in subsequent litigation in the district court. *See Md. Highways Contractors Ass'n, Inc. v. State of Md.*, 933 F.2d 1246, 1249-50 (4th Cir. 1991). In *Maryland Highways Contractors*, the Fourth Circuit considered a challenge to Maryland's minority business enterprise statute. *Id.* at 1248. After the district court entered a preliminary injunction, but before the Fourth Circuit issued a decision on the appeal, Maryland passed a new statute. The court found that the new statute mooted the appeal, but since some of the provisions of the challenged rule were unchanged, the court anticipated "a new attack

11

upon the constitutionality of the present . . . statute," and "elect[ed] to address the issue of standing to guide subsequent litigation." *Id.* at 1249-50. This case needs the same guidance.

If the States continue to oppose the new rule, without a ruling on standing from this Court, the case will return to the district court. It is likely that the States will seek another injunction against the final rule, but the court's jurisdiction will still be at issue and undecided by this Court. Judicial economy weighs in favor of resolving that issue, already briefed in this Court, now. The trial court should not be permitted to proceed with the case yet again when this Court has the ability to resolve the standing question that is before it.

## III. In the alternative, the Court should hold the case in abeyance.

In the alternative, the Little Sisters respectfully request that the case be held in abeyance to determine whether events in the district court will moot this appeal. If the validity of the IFR or standing remain an issue after the States pursue the case in the district court, the panel can decide the already-briefed issues, preserving judicial efficiency and allowing for swift resolution of this case.

# CONCLUSION

This Court should reverse the district court's judgment.

Respectfully submitted,

 /s/ *Mark L. Rienzi*
Mark L. Rienzi
Eric C. Rassbach
Lori H. Windham
Diana M. Verm
Chase T. Harrington*
THE BECKET FUND FOR RELIGIOUS
LIBERTY
1200 New Hampshire Ave NW,
Ste. 700
Washington, D.C. 20036
(202) 995-0095
*mrienzi@becketlaw.org*

*Attorneys for Intervenor-Defendant-Appellant*

**Admitted in Colorado; supervised by firm members*

**ADDENDUM**

All applicable statutes and regulations are contained in the excerpts of record and the addendum of the Little Sisters' opening brief. The final rules referenced in this brief are contained in an addendum of the federal defendants' supplemental brief.

**CERTIFICATE OF COMPLIANCE PURSUANT TO 9TH CIRCUIT
RULE 32-3 FOR CASE NUMBER 18-15144**

I certify that:

The brief is under 15 pages in compliance with this Court's order.

Pursuant to Rule 32-3(2), this brief has 2603 words. Divided by 280 words

per page, the brief is 9.3 pages.

The brief's type size and type face comply with Fed. R. App. P. 32(a)(5)

and (6).

s/ Mark L. Rienzi
Mark L. Rienzi
*Counsel for Intervenor-Defendant-
Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 16, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Mark L. Rienzi
Mark L. Rienzi
*Counsel for Intervenor-Defendant-Appellant*