UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br> Plaintiffs, <br> v. <br> HEALTH AND HUMAN SERVICES, et al., <br> Defendants. | Case No. 17-cv-05783-HSG <br><br> **ORDER GRANTING MOTION TO INTERVENE** <br><br> Re: Dkt. No. 210 |

Pending before the Court is the State of Oregon's motion to intervene. *See* Dkt. No. 210 ("Mot.").[1] In brief, this suit involves a challenge by thirteen states and the District of Columbia ("Plaintiffs" or "Plaintiff States") to final rules promulgated by federal agencies that create religious and moral exemptions (collectively, the "Final Rules") to the contraceptive mandate contained within the Affordable Care Act. *See* Second Amended Complaint, Dkt. No. 170. For the following reasons, the State of Oregon's motion to intervene is **GRANTED**.

**I. BACKGROUND**

The Court recently recounted the extensive background to this case in its January 13, 2019 order granting Plaintiffs' motion for a preliminary injunction and incorporates that summary by reference here. *See* Dkt. No. 234 at 2–14. The January 13 order preliminarily enjoined the implementation of the Final Rules, but only in the thirteen Plaintiff States and the District of Columbia. *See id.* at 44.

The State of Oregon moved on January 7 to intervene in this lawsuit, either as of right or permissively. *See* Mot. at 2. Federal Defendants took no position on Oregon's motion. *See* Dkt.

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

No. 247. Defendant-Intervenor March for Life filed an opposition on January 22. *See* Dkt. No. 254 ("Opp."). Oregon replied on January 28. *See* Dkt. No. 266 ("Reply").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) governs intervention as of right. The rule is "broadly interpreted in favor of intervention," and requires a movant to show that

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *Citizens for Balanced Use*, 647 F.3d at 897 (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)); *see also United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted).

Federal Rule of Civil Procedure 24(b) governs permissive intervention. The Ninth Circuit has interpreted the Rule to allow permissive intervention "where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *City of L.A.*, 288 F.3d at 403 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). "In exercising its discretion" on this issue, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## III. DISCUSSION

The State of Oregon contends that it is entitled to intervention as of right, or in the alternative, to permissive intervention. Mot. at 2.

### A. Oregon Is Not Entitled To Intervention As Of Right.

Although Rule 24(a) is broadly interpreted in favor of the proposed intervenor, the Court

2

finds that Oregon has not shown that it is entitled to intervene as a matter of right.

### i. Oregon's Motion To Intervene Is Timely.

"Timeliness is determined by the totality of the circumstances facing would-be intervenors," taking into account "three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (internal quotation and citation omitted). The "crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Though this case was originally filed roughly 15 months ago, the initial and first amended complaints sought injunctive relief against the interim final rules ("IFRs") that had been issued in October 2017. *See* Dkt. Nos. 1, 24. By contrast, the second amended complaint, filed in December 2018, seeks injunctive relief against not only the IFRs, but also the Final Rules, which superseded the IFRs in January 2019. *See* Dkt. No. 170. Oregon sought to intervene in this lawsuit less than a month after Plaintiffs filed their second amended complaint, *see* Dkt. No. 170, and their motion for a preliminary injunction, *see* Dkt. No. 174. With respect to the Final Rules, these proceedings are still in their early stages. *See* Dkt. No. 270 (minutes from January 29 case management conference ordering parties to propose briefing schedule).

Perhaps more important for purposes of assessing timeliness, the Court's injunction against the IFRs originally had nationwide effect, until the Ninth Circuit limited its scope in December 2018 to the Plaintiff States. *See California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). Thus, Oregon's asserted interests were initially protected by the existing parties, and Oregon only became aware that they might not be protected after the Ninth Circuit's decision. The Court finds that the several-week delay in filing this motion to intervene has caused no prejudice to any of the other parties and was entirely reasonable.

The Court finds that Oregon's motion to intervene was timely.

### ii. Oregon Has Significant Protectable Interests, But The Disposition Of The Action Will Not Impair Or Impede Its Ability To Protect Its Interests.

The question of whether a proposed intervenor has a significant protectable interest is a "practical, threshold inquiry," and the party seeking intervention need not establish any "specific legal or equitable interest." *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted). To meet its burden, a proposed intervenor "must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* The question of whether there is a significant protectable interest does not turn on "technical distinctions." *California v. United States*, 450 F.3d 436, 441 (9th Cir. 2002). Instead, courts "have taken the view that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *See id.* Once a significant protectable interest is established, courts look to whether the proposed intervenor's ability to protect that interest would be "impair[ed] or impede[ed]" by "the disposition of the action." *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted). "If an absentee would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene . . . ." *Id.* at 898 (quoting Fed R. Civ. P. 24 advisory committee's note).

Oregon contends that the claims at issue—APA and constitutional challenges to the religious and moral exemptions to the contraceptive mandate—are related to its state's finances, public health, and sovereign interests. Mot. at 5–6. Oregon thus asserts essentially the same interests as do the Plaintiff States. *See* Second Amended Complaint, Dkt. No. 170 ¶¶ 28–29. However, although Oregon may have significant protectable interests, its ability to protect those interests will not be impaired or impeded by the disposition of this action. To be sure, the preliminary injunction currently in force does not extend to Oregon. *See* Dkt. No. 234 at 44. But Oregon could seek relief from the Final Rules in a court in its state, rather than join this action. *See City of L.A.*, 288 F.3d at 402 (finding it "doubtful" that proposed intervenors' interests would be impaired by the ongoing litigation, because it "does not prevent any individual from initiating suit"). As the parties are no doubt aware, at least two other state-led challenges to the Final Rules are currently ongoing. *See Pennsylvania v. Trump*, No. 17-4540 (E.D. Pa. Oct. 11, 2017);

*Massachusetts v. U.S. Dep't of Health & Human Servs.*, No. 17-11930-NMG (D. Mass. Oct. 6, 2017). Though Oregon is correct that a ruling in this Court may "have persuasive weight with a new court" in Oregon, Mot. at 5, the out-of-circuit cases it relies upon contemplate a much more direct impediment. *See Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 7 (D.D.C. 2008) (finding impairment factor satisfied because if plaintiffs prevailed in lawsuit it may "abrogate [proposed intervenor's] taxing and regulatory authority").

The Court finds that although Oregon has asserted significant protectable interests, this action will not impede or impair its ability to protect those interests, because Oregon could adequately protect those interests by filing a separate suit challenging the Final Rules.

### iii. Oregon's Interests Are Inadequately Represented By The Current Parties To The Action.

Generally, "[t]he burden of showing inadequacy of representation is minimal and satisfied if the [party seeking intervention] can demonstrate that representation of its interests may be inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (internal quotation omitted). In making this determination, courts examine three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "The most important factor in assessing the adequacy of representation is how the interest compares with the interests of existing parties." *Citizens for Balanced Use*, 647 F.3d at 898 (internal quotation and citation omitted). Proposed intervenors with the same ultimate objective as an existing party but different litigation strategies are normally not entitled to intervention. *Arakaki*, 324 F.3d at 1086 (citation omitted). Moreover, where a proposed intervenor and an existing party "share the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use*, 647 F.3d at 898 (citation omitted). A presumption of adequacy "must be rebutted with a compelling showing." *Id.* (citation omitted).

Here, there is a presumption of adequacy of representation because Oregon and the existing Plaintiff States share the same ultimate objective—to obtain a mandatory injunction

prohibiting the implementation of the Final Rules. *Compare* Proposed Complaint-In-Intervention, Dkt. No. 210 at 12 (requesting injunction) *with* Second Amended Complaint, Dkt. No. 170 at 65 (requesting injunction). However, Oregon has rebutted that presumption with a compelling showing. The Court initially entered a nationwide preliminary injunction against implementation of the IFRs, but the Ninth Circuit narrowed the scope of the injunction, finding that "an injunction that applies only to the plaintiff states would provide complete relief" by "prevent[ing] the economic harm extensively detailed in the record." *See California*, 911 F.3d at 584. In light of the Ninth Circuit's ruling, the Court limited the scope of the preliminary injunction against the Final Rules to the Plaintiff States only. *See* Dkt. No. 234 at 44. The Plaintiff States did not make the requisite showing of "nationwide impact or sufficient similarity," *California*, 911 F.3d at 584, for the injunction to extend to Oregon. By contrast, in its proposed complaint-in-intervention, Oregon details the harms it believes will flow to it if the Final Rules are implemented in its state. *See* Proposed Complaint-In-Intervention, Dkt. No. 210 ¶¶ 17–25. In doing so, Oregon has made a compelling showing that it will add an element to the proceeding—a showing of its state-specific injury supporting a geographic extension of the preliminary injunction and any final injunctive relief—that other parties have not provided.

### B. Permissive Intervention is Appropriate Here.

Although the State of Oregon is not entitled to intervention as of right, permissive intervention is appropriate under these circumstances.

First, because the Court has federal-question jurisdiction over this suit, and Oregon does not raise any new claims, the independent jurisdictional ground requirement does not apply. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).[2] Second, as

---

[2] March for Life also contends that "Oregon lacks standing to bring these claims." Opp. at 6. The Supreme Court recently made clear that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing," though it has not addressed whether permissive intervenors are subject to the same requirement. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). Even assuming that such a requirement applies to permissive intervenors, March for Life's argument fails for at least two reasons. First, Oregon seeks the same relief as the existing Plaintiff States—a declaratory judgment and an injunction against the Final Rules. *Compare* Proposed Complaint-In-Intervention, Dkt. No. 210 at 12 *with* Second Amended Complaint, Dkt. No. 170 at 65. Second, Oregon's proposed Complaint-In-Intervention establishes Article III standing, because it alleges

discussed above, Oregon's motion to intervene is timely. Third, Oregon's claim presents a common question of law with the main action—whether the Final Rules violate the Administrative Procedure Act or the Constitution. *Compare* Proposed Complaint-In-Intervention, Dkt. No. 210 ¶¶ 34–52 (alleging violations of the APA and Establishment and Equal Protection Clauses) *with* Second Amended Complaint, Dkt. No. 170 ¶¶ 235–260 (same). Lastly, allowing Oregon to intervene as the fifteenth plaintiff in this suit will not unduly delay or prejudice the adjudication of the original parties' rights. If anything, allowing intervention will promote judicial economy and spare the parties from needing to litigate a similar case in another district. *See Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) (noting that "judicial economy is a relevant consideration in deciding a motion for permissive intervention"), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82, 110 (1990).

The Court finds that Oregon may enter this case as a permissive intervenor.

## IV. CONCLUSION

For the foregoing reasons, permissive intervention (but not intervention as of right) is warranted. Oregon's motion to intervene is therefore **GRANTED**.

**IT IS SO ORDERED.**

Dated: 2/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

that the Final Rules will cause it fiscal harm. *See* Proposed Complaint-In-Intervention, Dkt. No. 210 ¶ 19; California, 911 F.3d at 571 (holding that Plaintiff States have standing because they "show, with reasonable probability, that the IFRs will first lead to women losing employer-sponsored contraceptive coverage, which will then result in economic harm to the states").

7