1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7      STATE OF CALIFORNIA, et al.,              Case No. 17-cv-05783-HSG

8                    Plaintiffs,                 **ORDER GRANTING MOTION FOR
                                                 PRELIMINARY INJUNCTION**
9             v.
                                                 Re: Dkt. Nos. 312, 353
10     HEALTH AND HUMAN SERVICES, et
       al.,
11
                     Defendants.
12

13          In this case, a coalition of thirteen states and the District of Columbia (collectively,

14     "States" or "Plaintiff States") brought challenges to interim final rules and final rules (collectively,

15     the "Rules") promulgated by federal agencies that create religious and moral exemptions to the

16     contraceptive mandate contained within the Affordable Care Act.  *See* Second Amended

17     Complaint, Dkt. No. 170.[1]  In January, the Court preliminarily enjoined implementation of the

18     Rules within the Plaintiff States.  *See* Dkt. No. 234.  A few weeks later, the Court allowed Oregon

19     to join the multi-state coalition, Dkt. No. 274, and now Oregon seeks to expand the geographic

20     scope of the preliminary injunction to prevent the Rules from being implemented in Oregon

21     pending a resolution on the merits.  *See* Motion for Preliminary Injunction ("Mot."), Dkt. No. 312.

22     The Court finds that the requested extension is warranted and therefore **GRANTS** Oregon's

23     motion for a preliminary injunction.[2]

24

25     [1] Federal Defendants in this case are Alex M. Azar, II, in his official capacity as Secretary of the
       Department of Health and Human Services; the Department of Health and Human Services
26     ("HHS"); Alexander Acosta, in his official capacity as Secretary of the Department of Labor; the
       Department of Labor; Steven Mnuchin, in his official capacity as Secretary of the Department of
27     the Treasury; and the Department of the Treasury.
       [2] The Court finds this matter appropriate for disposition without oral argument and the matter is
28     deemed submitted.  *See* Civil L.R. 7-1(b).  Oregon also moved to shorten time and requested an
       expedited hearing on this motion.  *See* Dkt. No. 353.  Because the Court grants the motion for a

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.   BACKGROUND

The Court recounted the extensive statutory, regulatory, and judicial background to this case in its January 13, 2019 order granting Plaintiffs' motion for a preliminary injunction and incorporates that summary by reference here.  *See* Dkt. No. 234 at 2–15.

Since the Court granted preliminary relief in the Plaintiff States, Oregon filed its complaint-in-intervention, alleging the injuries that it predicts the state (and its citizens) will sustain if the Rules were to be implemented in Oregon.  *See* Dkt. No. 287 ("Compl.").  Oregon alleges that if the Rules go into effect, women who lose their entitlement to free contraceptives will turn to Oregon's ContraceptiveCare and Reproductive Health Equity Act programs, thereby increasing costs to the state.  *See* Compl. ¶¶ 18–19, 22; *see also* Declaration of Helene Rimberg ("Rimberg Decl."), Dkt. No. 211 ¶ 7.  And Oregon predicts that some women who lose contraceptive coverage because of the Rules may forgo contraceptive use entirely and unintentionally become pregnant, which could impose costs on the state's Medicaid program.  Compl. ¶¶ 22–23; *see also* Rimberg Decl. ¶ 7–9.  Oregon alleges that it expects at least one in-state employer—Hobby Lobby, which has five stores in Oregon—to invoke the exemption if it goes into effect.  Compl. ¶ 24.

In its motion, Oregon concedes that granting an injunction would not have any immediate effect because Federal Defendants are currently enjoined from implementing the Rules nationwide based on the district court's order in *Pennsylvania v. Trump*, 351 F. Supp. 3d 791, 835 (E.D. Pa. 2019).  However, Oregon contends that because the *Pennsylvania* injunction is "subject to appellate review and attack for its scope," there is an "imminent risk that the nationwide injunction could be lifted and thousands of Oregonian women left without contraceptive coverage."  Mot. at 8.

Federal Defendants and Defendant-Intervenors March for Life opposed the extension of the preliminary injunction.  *See* Dkt. Nos. 361 ("Fed. Opp."), 359 ("March Opp.").  Oregon replied.  *See* Dkt. No. 365 ("Reply").

---

preliminary injunction and finds that a hearing is not necessary, Oregon's request to shorten time is **DENIED AS MOOT**.

United States District Court
Northern District of California

## II.    LEGAL STANDARD

"A plaintiff seeking preliminary injunctive relief must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Alternatively, an injunction may issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor," provided that the plaintiff can also demonstrate the other two Winter factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing that it is entitled to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III.    DISCUSSION

The Court previously concluded that the Plaintiff States were entitled to a preliminary injunction because they had shown that: they were likely to succeed (or had at least raised serious questions going to the merits) on their claim that the Rules violated the Affordable Care Act, they would suffer irreparable harm absent preliminary relief, the balance of hardships tipped sharply in their favor, and the public interest favored injunctive relief. *See* Dkt. No. 234 at 21. Because the Court finds that there have not been any subsequent developments that would alter its analysis as to the likelihood of success, balance of the hardships, and public interest factors, the Court incorporates by reference its prior discussion of these factors. *See id.* at 21–39, 40–42.

That leaves irreparable harm. Oregon contends that "[i]f the nationwide injunction is lifted, the Rules will inflict irreparable harm." Mot. at 28. According to Oregon, the Rules will likely cause unintended pregnancies to rise and women to turn to state family planning programs, imposing unrecoverable costs on the state. *Id.* at 28–30. Federal Defendants respond that Oregon has not established irreparable injury because of the pre-existing nationwide injunction and its delay in moving for a preliminary injunction. *See* Fed. Opp. at 11–13. The Court considers each of Federal Defendants' arguments in turn.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.    Nationwide Injunction

Federal Defendants contend that this Court should not "enter a duplicative injunction" with the one issued by the district court in *Pennsylvania*.  Fed. Opp. at 11.  Federal Defendants cite to *Hawai'i v. Trump*, in which a district court granted the government's motion for an emergency stay pending an appeal in a similar case in the same circuit and noted that a parallel "nationwide injunction already provides [Hawai'i] with the comprehensive relief it seeks in this lawsuit."  233 F. Supp. 3d 850, 853 (D. Haw. 2017).  However, this example is belied by the fact that the district court later issued a preliminary injunction that overlapped with one issued by a Maryland district court.  *See State v. Trump*, 265 F. Supp. 3d 1140, 1146 (D. Haw. 2017).[3]  Moreover, overlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief.  For example, in recent litigation challenging the Secretary of Commerce's decision to add a citizenship question to the census, three district courts issued parallel injunctions against the policy.  *See New York v. United States Dep't of Commerce*, 351 F. Supp. 3d 502, 677 (S.D.N.Y. 2019)[4]; *State v. Ross*, 358 F. Supp. 3d 965, 1050–51 (N.D. Cal. 2019); *Kravitz v. United States Dep't of Commerce*, 366 F. Supp. 3d 681, 755 (D. Md. 2019).  The Court concludes that the existence of another injunction—particularly one in a different circuit that could be overturned or limited at any time—does not negate Oregon's claimed irreparable harm.

Federal Defendants also assert that because Oregon's asserted injury "is expressly contingent on a future event," it is "not an imminent, irreparable injury."  Fed. Opp. at 11.  Federal Defendants cite to *In re Excel Innovations, Inc.*, in which the Ninth Circuit noted that "[s]peculative injury cannot be the basis for a finding of irreparable harm."  502 F.3d 1086, 1098 (9th Cir. 2007).  There, the Ninth Circuit overturned the bankruptcy court's preliminary injunction staying arbitration proceedings between two non-bankrupt parties, partly because the lower court

---

[3] The Supreme Court later stayed enforcement of the preliminary injunctions as to specific groups, *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2089 (2017), before determining on the merits that the challenged policies were lawful and reversing the granted preliminary injunctions, *Trump v. Hawaii*, 138 S. Ct. 2392, 2423 (2018).
[4] The Supreme Court recently affirmed in part and reversed in part the district court's judgment and remanded the case for further proceedings but did not discuss the injunction.  *See Dep't of Commerce v. New York*, No. 18-966 (U.S. June 27, 2019).

United States District Court
Northern District of California

1    had speculated when it cited the potential for inconsistent judgments as a basis for the injunction.

2    *Id.* at 1089, 1098.  But Oregon's asserted injury, although contingent on the nationwide injunction

3    in *Pennsylvania* being dissolved, is not speculative.  For the same reasons as the Court found in its

4    order granting preliminary relief to the Plaintiff States, Oregon is likely to suffer irreparable harm

5    if the Rules go into effect.  *See* Dkt. No. 234 at 39; *see also California v. Azar*, 911 F.3d 558, 571

6    (9th Cir. 2018) (holding for standing purposes that the States "show, with reasonable probability,

7    that the [interim final rules] will first lead to women losing employer-sponsored contraceptive

8    coverage, which will then result in economic harm to the states").  And Oregon's injury is

9    sufficiently imminent because though the Rules are currently enjoined, the Third Circuit could

10    alter the injunction at any moment.  By way of example, the Ninth Circuit has upheld preliminary

11    relief to preserve the status quo where defendants could terminate an agreement with 60-days'

12    notice, which would result in the plaintiffs suffering "irreparable harm before a trial on the merits

13    could be held."  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1023 (9th Cir. 2016) (citing

14    *Winter*, 555 U.S. at 22).  Were Oregon to no longer be covered by the *Pennsylvania* injunction, it

15    could sustain irreparable harm immediately, before the Court could decide the merits of its claims.

16    　　　Accordingly, because of the routine basis upon which federal courts grant parallel

17    injunctions and the immediacy of the harm were the nationwide injunction to be lifted, the Court

18    finds that these arguments do not preclude granting a preliminary injunction.

19    　　　**B.    Delay**

20    　　　Federal Defendants argue that Oregon's five-month delay in seeking a preliminary

21    injunction warrants denying its motion.  Fed. Opp. at 12.  The Court does not find this fact

22    determinative.

23    　　　A plaintiff's delay may "undercut" its claim of irreparable harm.  *Garcia v. Google, Inc.*,

24    786 F.3d 733, 746 (9th Cir. 2015); *see also Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d

25    1374, 1377 (9th Cir. 1985) (noting that a "long delay before seeking a preliminary injunction

26    implies a lack of urgency and irreparable harm").  "By sleeping on its rights a plaintiff

27    demonstrates the lack of need for speedy action."  *Lydo Enters., Inc. v. City of Las Vegas*, 745

28    F.2d 1211, 1213 (9th Cir. 1984) (internal quotation omitted).  However, "delay is but a single

1   factor to consider" and "courts are 'loath to withhold relief solely on that ground.'"  *Arc of Cal. v.*

2   *Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (quoting *Lydo*, 745 F.2d at 1214).

3       The Court finds Oregon's delay to be minimal and not a basis for denying preliminary

4   relief.  The Final Rules were promulgated on November 15, 2018, and were slated to take effect

5   on January 14, 2019.  *See* Dkt. No. 234 at 13.  Oregon moved to intervene on January 7, Dkt. No.

6   210, requested joinder in the motion for preliminary injunction on February 21 (which the Court

7   denied as procedurally improper), Dkt. No. 288, and moved for a preliminary injunction on April

8   30, Dkt. No. 312.  To be sure, Oregon's challenge to the Rules has not been as swift as those of

9   the Plaintiff States.  But this slower pace is at least somewhat explained by the *Pennsylvania*

10  injunction, which has prevented Oregon from suffering any harm from the Rules.  Oregon

11  partially explains the timing of its motion by noting that the Third Circuit recently heard oral

12  arguments in *Pennsylvania*, which creates a "renewed risk of irreparable harm."  Reply at 8.  And

13  Oregon has requested expedited consideration of its motion, which supports its argument that

14  preliminary relief is needed.  *See* Dkt. No. 353.  In sum, although Oregon has not prosecuted this

15  case as quickly as the Plaintiff States, it also has not slept on its rights, and the Court would be

16  loath to deny relief solely on the basis of a few months' delay, particularly given the overlapping

17  injunction.

## IV.   CONCLUSION

19      The Court finds that the State of Oregon has satisfied the requirements for a preliminary

20  injunction and thus **GRANTS** its motion in order to preserve the status quo pending a final

21  determination on the merits.  The order enjoining enforcement of the Rules, Dkt. No. 234, is

22  hereby **EXTENDED** to cover the State of Oregon.

23      **IT IS SO ORDERED.**

24  Dated: 7/2/19

25  _____

26  HAYWOOD S. GILLIAM, JR.
    United States District Judge

*United States District Court*
*Northern District of California*

6