Eric C. Rassbach – No. 288041
Mark Rienzi – *pro hac vice*
Lori Windham – *pro hac vice*
Diana Verm – *pro hac vice*
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
erassbach@becketlaw.org

*(continued on next page)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA; THE STATE OF CONNECTICUT; THE STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; THE STATE OF HAWAII; THE STATE OF ILLINOIS; THE STATE OF MARYLAND; THE STATE OF MINNESOTA, by and through its Department of Human Services; THE STATE OF NEW YORK; THE STATE OF NORTH CAROLINA; THE STATE OF RHODE ISLAND; THE STATE OF VERMONT; THE COMMONWEALTH OF VIRGINIA; THE STATE OF WASHINGTON, | Case No. 4:17-cv-05783-HSG<br><br>**LITTLE SISTERS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| *Plaintiffs*, | |
| THE STATE OF OREGON, | |
| *Intervenor-Plaintiff*, | |
| v. | |
| ALEX M. AZAR, II, in his Official Capacity as Secretary of the U.S. Department of Health & Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; R. ALEXANDER ACOSTA, in his Official Capacity as Secretary of the U.S. Department of Labor; U.S. DEPARTMENT OF LABOR; STEVEN MNUCHIN, in his Official Capacity as Secretary of the U.S. Department of the Treasury; U.S. DEPARTMENT OF THE TREASURY; | |
| *Defendants*, | |
| and, | |

0

THE LITTLE SISTERS OF THE POOR, JEANNE JUGAN RESIDENCE; MARCH FOR LIFE EDUCATION AND DEFENSE FUND,

*Defendants-Intervenors*.

Anthony K. Zand
The Busch Firm
2532 Dupont Dr.
Irvine, CA 92612
Telephone: (949) 774-1888
azand@buschfirm.com

*Counsel for Defendant-Intervenor Little Sisters*

The Little Sisters of the Poor, Jeanne Jugan Residence (Little Sisters) submit this notice of supplemental authority as relevant to the pending motions to dismiss or, in the alternative, to grant summary judgment (ECF 311, 366, 368, 370) which were being held in abeyance prior to the parties' status report on April 30 (ECF 454).

In its April 9 decision in *Tandon v. Newsom*, the U.S. Supreme Court enjoined, under the Free Exercise Clause, California's COVID-19 restrictions on multi-household gatherings in private homes, as applied to at-home religious exercise. 141 S. Ct. 1294 (2021). *Tandon* summarizes multiple "clear" principles from recent Free Exercise cases. As relevant here, those principles demonstrate why the agencies were obligated to expand the religious exemption, and why this Court cannot constitutionally grant the relief the States seek, namely allowing the "prior rules [to] spring back into effect." Summ. J. H'rg Tr. 9:7-8 (States' counsel). *Tandon* thus both resolves the States' claims on the merits and confirms their lack of standing, because the redress they seek cannot be provided.

First, *Tandon* establishes that "government regulations are not neutral and generally applicable, and therefore trigger strict scrutiny under the Free Exercise Clause, whenever they treat *any* comparable secular activity more favorably than religious exercise," even where "some comparable secular businesses or other activities [are treated] as poorly as or even less favorably than the religious exercise." 141 S. Ct. at 1296 (emphasis in original). And whether an entity is "comparable" is "judged against the asserted government interest that justifie[d] the regulation at issue." A distinction based on *other* government interests is not relevant. *Id*.

Here, the Affordable Care Act's statutory scheme grants many secular businesses an exemption denied the Little Sisters in the underlying Mandate, and the implementing regulations further grant some religious entities an exemption denied the Little Sisters. ECF 371 at 4, 29 (discussing exemptions for, *e.g.*, small businesses, grandfathered plans, and churches). And *Tandon* makes clear that whether *some* comparator entities labor under the same burden as the Little Sisters is irrelevant; strict scrutiny applies under the Free Exercise Clause when "*any* comparable secular" entity gets better treatment. 141 S. Ct. at 1296. Whatever reasons might support the government's other exemptions (like employer convenience) do not change the tier of scrutiny, since only "the asserted government interest"— making contraception more available—matters to the comparator analysis. *Id*.

|   |   |
|---|---|
| 1 | Second, *Tandon* makes clear that for the government to satisfy its "burden to establish that the challenged law satisfies strict scrutiny" when other conduct is exempted, it must "show that the religious exercise at issue" threatens the government interest to a *greater* degree than the other exempted conduct—not just that it threatens the interest *at all*. *Id*. If it does not, then the regulations "that suffice for other activities suffice for religious exercise too." 141 S. Ct. at 1297 (government failed to show religious exercise was "more dangerous" than those activities allowed to proceed with fewer "precautions"). |

Second, *Tandon* makes clear that for the government to satisfy its "burden to establish that the challenged law satisfies strict scrutiny" when other conduct is exempted, it must "show that the religious exercise at issue" threatens the government interest to a *greater* degree than the other exempted conduct—not just that it threatens the interest *at all*. *Id*. If it does not, then the regulations "that suffice for other activities suffice for religious exercise too." 141 S. Ct. at 1297 (government failed to show religious exercise was "more dangerous" than those activities allowed to proceed with fewer "precautions").

Here, the States' arguments (ECF 433 at 10) that an exemption would impose increased "burdens of seeking out and obtaining contraceptive care" are not only mistaken, *see* ECF 437 at 17-18, but now beside the point. When the federal government decided to exempt many other secular and religious employers notwithstanding any detriment to the Mandate's goals, strict scrutiny foreclosed placing any greater burden on the Little Sisters. The Federal Defendants previously explained—in defending the Mandate at the Supreme Court—the "precautions," 141 S. Ct. at 1297, that the government believed mitigated the exemptions: employees' opportunity to "obtain coverage through a family member's employer, through an individual insurance policy purchased on an Exchange or directly from an insurer, or through Medicaid or another government program" and thus obtain "contraceptive coverage." Respondents' Br. at 65, *Zubik v. Burwell*, No. 14-1418 (Feb. 10, 2016). And once Congress and the agencies determined that these alternatives sufficiently mitigated the detriment from the other exemptions, the First Amendment required that the agencies subject religious entities to no greater restrictions. *Tandon*, 141 S. Ct. at 1297.

Put simply, *Tandon* dictates that where a secular activity is treated "more favorably" than a religious activity that implicates the same "asserted government interest," the religious activity must be given the same favorable treatment under the Free Exercise Clause. 141 S. Ct. at 1296. So the agencies had no option to deny religious objectors an exemption. Nor could this Court provide the States with the relief they seek—reimposition of the "prior rules," Summ. J. H'rg Tr. 9:7-8—where that remedy would be constitutionally barred by the Free Exercise Clause.

*Tandon* thus confirms that the States cannot prevail in this case, and that their claims are not redressable. This Court should dismiss the States' complaint or enter judgment against them.

| | |
|---|---|
| Dated: May 07, 2021 | Respectfully submitted,<br><br>/s/ Mark L. Rienzi<br>Eric C. Rassbach – No. 288041<br>Mark L. Rienzi – *pro hac vice*<br>Lori H. Windham – *pro hac vice*<br>Diana M. Verm – *pro hac vice*<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC 20006<br>Telephone: (202) 955-0095<br>Facsimile: (202) 955-0090<br>erassbach@becketlaw.org<br><br>Anthony K. Zand<br>The Busch Firm<br>2532 Dupont Dr.<br>Irvine, CA 92612<br>Telephone: (949) 774-1888<br>azand@buschfirm.com<br><br>*Counsel for Defendant-Intervenor Little Sisters* |