BRIAN NETTER
Deputy Assistant Attorney General
STEPHANIE HINDS
Acting United States Attorney
MICHELLE R. BENNETT
Assistant Branch Director
JUSTIN M. SANDBERG, IL. BAR NO. 6278377
Senior Trial Counsel
MICHAEL GERARDI
CHRISTOPHER R. HEALY
REBECCA M. KOPPLIN
DANIEL RIESS
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20001
Telephone: (202) 514-5838
Email: Justin.Sandberg@usdoj.gov
*Counsel for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, Secretary of Health and Human Services, *et al.*, <br><br> Defendants, <br><br> and, <br><br> THE LITTLE SISTERS OF THE POOR, JEANNE JUGAN RESIDENCE, *et al.*, <br><br> Defendant-Intervenors | Case No.: 4:17-cv-5783-HSG <br><br> **JOINT STATUS REPORT** |

On April 30, 2021, Federal Defendants filed a status report [ECF No. 456] in which they proposed filing another joint status report. The parties report as follows:

1. This case concerns the validity of two rules which create a moral exemption, and expand a religious exemption, to the rules establishing the contraceptive coverage requirement. *See* Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the ACA, 83 Fed. Reg. 57,536 (Nov. 15, 2018); Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the ACA, 83 Fed. Reg. 57,592 (Nov. 15, 2018).

2. The Court has before it fully briefed dispositive motions, *see* ECF Nos. 311, 366, 368, 370, as well as supplemental briefs addressing the Supreme Court's decision in *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020), *see* ECF Nos. 433, 435, 437, 438, 440.

3. On March 1, 2021, Federal Defendants filed a motion to stay the case to afford new leadership at the federal defendant agencies—the U.S. Department of Health and Human Services, the U.S. Department of Labor, and the U.S. Department of the Treasury—and the U.S. Department of Justice additional time to evaluate the issues that this case presents. ECF No. 451.

4. The Court entered an order holding the pending dispositive motions in abeyance until April 30, 2021 and instructing the parties to file a joint status report on or before April 30, 2021.

5. On April 30, 2021, Federal Defendants reported that they have been evaluating, and would continue to evaluate, the issues that this litigation presents in light of all relevant facts and circumstances, including the Executive Order on Strengthening Medicaid and the Affordable Care Act, January 28, 2021 (EO), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/28/executive-order-on-strengthening-medicaid-and-the-affordable-care-act/?_hsmi=117826243&_hsenc=p2ANqtz-9ZGdrSbFhmzpZv1U5tBXA5boILZhCzIZdVpKC3RgZl3d3ZDayiCDM0lrq6CTOqVJsF88ThoYbQQFpNxZbyc7C5jyrg9A. The EO states, among other things, that "it is the policy of my Administration to protect and strengthen Medicaid and the ACA and to make high-quality healthcare accessible and affordable for every American." *Id.* § 1

6. Since filing the last status report, Federal Defendants have held conference calls with both the Plaintiffs and Defendant-Intervenors to hear their views about how Federal Defendants should

proceed in light of the legal and policy issues implicated by the rules and this litigation.

7. Accordingly, Federal Defendants request that, to conserve resources for the parties and the Court, the Court continue to hold the pending dispositive motions in abeyance to afford the agencies additional time to assess the issues presented by this case—and to consider their regulatory and policy options. Federal Defendants propose that they file another status report on or before October 29, 2021 and every 90 days thereafter. Counsel for Federal Defendants have conferred by phone with counsel for the other parties. Plaintiffs and Defendant-Intervenor March for Life do not oppose this proposal.

8. Defendant-Intervenor the Little Sisters of the Poor opposes this request and expresses the following position: In their third request to delay this litigation, the Federal Defendants are still unable to point to any rulemaking in process, much less an actual change in the law. Since the status report filed 90 days ago, the only progress the Federal Defendants can report is a conversation with the parties in this litigation. They ask this Court for an indefinite delay, anticipating multiple 90-day intervals for filing status reports. The best we know is that, at some unknown point in the future, the agencies might propose something. Then, after more months of public comment and analysis of those comments, they might issue a changed rule that might be relevant to this case. And then that changed rule might eventually take effect if it is not enjoined in court.

Respectfully, this is a recipe for courts to never decide cases against federal agencies. The democratic process ensures that there's always a next election on the horizon, or one that just happened. The contraceptive mandate is the poster child for this problem. If there is a basis to avoid resolving this case based on the ordinary political calendar and a government that is thinking about its rules, then there is a basis to avoid deciding any case involving federal rulemaking.

The Supreme Court issued its ruling in this case over a year ago, and the pending summary judgment motions have been fully briefed for nearly two years. The rules at issue in this case were issued years ago, and they will remain the law of the land indefinitely, unless and until the Federal Defendants act. As the Federal Defendants consider their regulatory and policy options, a decision in this case could help guide their process by clarifying the legality of the existing rules.

The Little Sisters respectfully request that this Court resolve the pending motions. At bottom, the Federal Defendants' repeated requests for indefinite delay—and the States' repeated acquiescence in indefinite delay—simply confirm that the religious exemption is not causing significant harm.

9. The Plaintiff States respond as follows: Plaintiff States disagree with the Little Sisters's unsubstantiated claim that the Exemption Rules are not causing harm. Indeed, the States remain very concerned about the ongoing harm to women while this case is held in abeyance and the Exemption Rules are operative. *See* States Mot. [Dkt. No. 311] at pp. 1-3 (describing the extensive record evidence demonstrating the benefits of contraceptive coverage, the corresponding impact on society, and the States, and the harm that occurs with the loss of full healthcare coverage). Moreover, under the Exemption Rules, employers need not give any notice to the government or their employees that they are utilizing the Rules. *See* 83 Fed. Reg. at 57,558 (these Rules "do not impose any new notice requirements") *id*. at 57,574 (entities can "avoid sending any supplemental notices"); *see also* States Opp. [Dkt. No. 385] at 50 n.24; States Supp. Br. [Dkt. No. 433] at 4, 6, 9. Thus, neither the public nor the government will ever know the extent to which employers are utilizing the Exemptions Rules and thereby depriving women of their healthcare benefits. *See* Tr. of Dec. 16, 2020 Hr'g on Cross-Mots. for Summ. J. at 26:20-26:21 ("the rules are designed in a way that ensures that nobody would have notice"); *see also id.* at 28:7-28:9 (the rules do not "identify any mechanism for a woman who wants to bring a challenge to her employer"). At a minimum, the U.S. Department of Health and Human Services itself estimated that 30 million women gained access to contraceptive coverage due to the Women's Health Amendment and up to 126,400 women stand to lose contraceptive coverage due to the Religious Exemption Rule. 83 Fed. Reg. at 57,551; *see also* Appendix to States Mot. [Dkt. No. 313] Ex. 17 (D9 571363).

Nevertheless, in light of the Federal Defendants' commitment to evaluating the issues presented in this case, as well as interests in judicial economy, Plaintiff States do not oppose the Federal Defendants' proposal to hold the pending motions in abeyance.

Dated: August 3, 2021

Respectfully submitted,

BRIAN NETTER
Deputy Assistant Attorney General

STEPHANIE HINDS
Acting United States Attorney

MICHELLE R. BENNETT
Assistant Branch Director

 /s/    *Justin    M.    Sandberg*
JUSTIN M. SANDBERG, IL Bar No. 6278377
Senior Trial Counsel
MICHAEL GERARDI
CHRISTOPHER R. HEALY
REBECCA M. KOPPLIN
DANIEL RIESS
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C.  20001
Telephone:  (202) 514-5838
Email: Justin.Sandberg@usdoj.gov
*Counsel for Federal Defendants*

/s/ Mark L. Rienzi
Eric C. Rassbach – No. 288041
Mark L. Rienzi – *pro hac vice*
Lori H. Windham – *pro hac vice*
Diana M. Verm – *pro hac vice*
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20036
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
*erassbach@becketlaw.org*
*Counsel for Defendant-Intervenor The Little Sisters of the Poor*

Dated: August 3, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
KATHLEEN BOERGERS
Supervising Deputy Attorney General
KATAKEE KANE
Deputy Attorney General

*/s/ Karli Eisenberg*
KARLI EISENBERG
Supervising Deputy Attorney General
*Attorneys for Plaintiff the State of California*

WILLIAM TONG
Attorney General of Connecticut
MAURA MURPHY OSBORNE
Assistant Attorney General
*Attorneys for Plaintiff the State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
JESSICA M. WILLEY
Deputy Attorney General
*Attorneys for Plaintiff the State of Delaware*

KARL A. RACINE
Attorney General of the District of Columbia
KATHLEEN KONOPKA
Deputy Attorney General, Public Advocacy Division
*Attorneys for Plaintiff the District of Columbia*

CLARE E. CONNORS
Attorney General of Hawaii
ERIN N. LAU
Deputy Attorney General
*Attorneys for Plaintiff the State of Hawaii*

KWAME RAOUL
Attorney General of Illinois
HARPREET K. KHERA
Deputy Bureau Chief, Special Litigation Bureau
ELIZABETH MORRIS
Assistant Attorney General, Special Litigation Bureau

*Attorneys for Plaintiff the State of Illinois*

BRIAN E. FROSH
Attorney General of Maryland
CAROLYN A. QUATTROCKI
Deputy Attorney General
STEVE M. SULLIVAN
Solicitor General
KIMBERLY S. CAMMARATA
Director, Health Education and Advocacy
*Attorneys for Plaintiff the State of Maryland*

KEITH ELLISON
Attorney General of Minnesota
JACOB CAMPION
Assistant Attorney General
*Attorney for Plaintiff the State of Minnesota, by and through its Department of Human Services*

LETITIA JAMES
Attorney General of New York
LISA LANDAU
Bureau Chief, Health Care Bureau
STEVEN C. WU
Deputy Solicitor General
*Attorneys for Plaintiff the State of New York*

JOSHUA H. STEIN
Attorney General of North Carolina
SRIPRIYA NARASIMHAN
Deputy General Counsel
*Attorneys for Plaintiff the State of North Carolina*

PETER F. NERONHA
Attorney General of Rhode Island
MICHAEL W. FIELD
Assistant Attorney General
*Attorneys for Plaintiff the State of Rhode Island*

T.J. DONOVAN
Attorney General of Vermont
ELEANOR SPOTTSWOOD
Assistant Attorney General
*Attorneys for Plaintiff the State of Vermont*

MARK R. HERRING
Attorney General of Virginia
SAMUEL T. TOWELL
Deputy Attorney General
*Attorneys for Plaintiff the Commonwealth of Virginia*

|  |  |
|---|---|
|  | ROBERT F. FERGUSON<br>Attorney General of Washington<br>JEFFREY T. SPRUNG<br>Assistant Attorney General<br>*Attorneys for Plaintiff the State of Washington* |
| Dated:  August 3, 2021 | Respectfully submitted,<br><br>ELLEN F. ROSENBLUM<br>Attorney General of Oregon<br><br> */s/ Nicole DeFever*<br>(as authorized on XX/XX/21)<br>J. NICOLE DEFEVER, CA Bar No. 191525<br>Senior Assistant Attorney General<br>*Attorneys for Plaintiff-Intervenor the State of Oregon*<br><br> */s/ Kenneth J. Connelly*<br>(as authorized on 8/3/21)<br>KENNETH J. CONNELLY, AZ Bar No. 25420<br>Alliance Defending Freedom<br>15100 N. 90th Street<br>Scottsdale, AZ 85260<br>Telephone:  (480) 444-0020<br>Facsimile:  (480) 444-0028<br>Email: kconnelly@ADFlegal.org<br>*Counsel for Defendant-Intervenor March for Life Education and Defense Fund* |