BRIAN NETTER
Deputy Assistant Attorney General
STEPHANIE HINDS
United States Attorney
MICHELLE R. BENNETT
Assistant Branch Director
JUSTIN M. SANDBERG, IL. BAR NO. 6278377
Senior Trial Counsel
MICHAEL GERARDI
CHRISTOPHER R. HEALY
REBECCA M. KOPPLIN
DANIEL RIESS
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C.  20001
Telephone:  (202) 514-5838
Email: Justin.Sandberg@usdoj.gov
*Counsel for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, | Case No.: 4:17-cv-5783-HSG |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT** |
| XAVIER BECERRA, Secretary of Health and Human Services, *et al.*, | |
| Defendants, | |
| and, | |
| THE LITTLE SISTERS OF THE POOR, JEANNE JUGAN RESIDENCE, *et al.*, | |
| Defendant-Intervenors | |

On August 17, 2021 the Court stayed this case and ordered the parties to file status reports every three months.  ECF No. 467.  The parties report as follows:

1

1. This case concerns the validity of two rules which create a moral exemption, and expand a religious exemption, to the rules establishing the contraceptive coverage requirement.  *See* Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the ACA, 83 Fed. Reg. 57,536 (Nov. 15, 2018); Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the ACA, 83 Fed. Reg. 57,592 (Nov. 15, 2018).

2. The Court has before it fully briefed dispositive motions, *see* ECF Nos. 311, 366, 368, 370, as well as supplemental briefs addressing the Supreme Court's decision in *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020), *see* ECF Nos. 433, 435, 437, 438, 440.

3. On August 3, 2021, the parties filed a joint status report, in which Federal Defendants asked the Court to stay the case to permit the defendant agencies to evaluate the issues presented by this litigation, as well as their regulatory and policy options.  ECF No. 462.  The Court had once previously held the motions in abeyance.  ECF No. 454.  Plaintiffs and intervenor March for Life did not object to the request.  Intervenor Little Sisters objected.

4. On August 16, 2021, Federal Defendants announced that "[t]he Departments [of Health and Human Services, Treasury, and Labor] intend to initiate rulemaking within 6 months to amend the 2018 final regulations and obtaining public input will be included as part of the Departments' rulemaking process."  CMS.Gov, Frequently Asked Questions, Affordable Care Act Implementation FAQs (Set 48) (Aug. 16, 2021) (available at https://www.cms.gov/CCIIO/Resources/Fact-Sheets-and-FAQs#Affordable_Care_Act).

5. On August 17, 2021, the Court held a case management conference.  The Court granted Federal Defendants' request to stay the case and directed "counsel . . . to e-file a joint status report every three months."  ECF No. 467.

6. The parties filed their last status report at the end of January 2022.  Federal

Defendants reported that they had determined that they would be unable to meet their anticipated target to issue a notice of proposed rulemaking by mid-February 2022 for two reasons: (1) the agencies have limited resources and face many competing and extraordinary demands on those resources, particularly in light of the ongoing pandemic and public health emergency; and (2) the agencies continue to evaluate the issues presented by this litigation, as well as their regulatory and policy options. ECF No. 469.

7. The Agencies continue to work toward rulemaking. But, as noted in the last status report, their progress is affected by (1) their resource limitations and competing demands on those resources, including the updating of guidance addressing the coverage of items and services related to COVID-19, and (2) their on-going evaluation of their regulatory and policy options. Of course, the agencies recognize the importance of finality, and they will continue to work toward initiating the rulemaking as quickly as is possible consistent with resource limitations and prudent decision making.

8. Federal Defendants propose that the case remain stayed and that the parties continue to file joint status reports every 90 days to apprise the Court of the status of the rulemaking and of the parties' positions on the need for a continued stay.

9. Plaintiff States disagree with the Little Sisters's unsubstantiated claim that the Exemption Rules are not causing harm. Indeed, the States remain very concerned about the ongoing harm to women while this case is held in its current posture and the Exemption Rules are operative. *See* States Mot. [Dkt. No. 311] at pp. 1-3 (describing the extensive record evidence demonstrating the benefits of contraceptive coverage, the corresponding impact on society, and the States, and the harm that occurs with the loss of full healthcare coverage). Moreover, under the Exemption Rules, employers need not give any notice to the government or their employees that they are utilizing the Rules. *See* 83 Fed. Reg. at 57,558 (these

Rules "do not impose any new notice requirements") *id.* at 57,574 (entities can "avoid sending any supplemental notices"); *see also* States Opp. [Dkt. No. 385] at 50 n.24; States Supp. Br. [Dkt. No. 433] at 4, 6, 9. Thus, neither the public nor the government will ever know the extent to which employers are utilizing the Exemptions Rules and thereby depriving women of their healthcare benefits. *See* Tr. of Dec. 16, 2020 Hr'g on Cross-Mots. for Summ. J. at 26:20-26:21 ("the rules are designed in a way that ensures that nobody would have notice"); *see also id.* at 28:7-28:9 (the rules do not "identify any mechanism for a woman who wants to bring a challenge to her employer"). At a minimum, the U.S. Department of Health and Human Services itself estimated that 30 million women gained access to contraceptive coverage due to the Women's Health Amendment and up to 126,400 women stand to lose contraceptive coverage due to the Religious Exemption Rule. 83 Fed. Reg. at 57,551; *see also* Appendix to States Mot. [Dkt. No. 313] Ex. 17 (D9 571363).

Nevertheless, in light of the Federal Defendants' commitment to evaluating the issues presented in this case, as well as interests in judicial economy, Plaintiff States do not oppose the Federal Defendants' proposal to keep the litigation in its current posture.

10. March for Life does not oppose continuing to stay the case at this time.
11. The Little Sisters believe the case should proceed to decision. From the start, this case has been driven by the States' claims of urgency. In 2017, the States represented to this Court that allowing religious exemptions would "inflict irreparable harm upon the States" and would amount to the "trampling of constitutional rights." ECF No. 28 at 3, 28-29. The States told the Court that the situation was urgent and dire: "Every day the IFRs are in effect is another day that employers can eliminate contraceptive coverage for employees and their dependents." ECF No. 28 at 29. Among other things, the State asserted that the

rules "will likely cause unintended pregnancies to rise, triggering a chain of events with widespread repercussions" and that the consequences would be "immediate and far-reaching." ECF No. 28 at 29, 30. The States said "such harm is irreparable because it cannot be undone with a successful result at the end of the litigation." ECF No. 28 at 30. For that reason, the States told this Court that "[t]he only way to avoid this disruption is to ensure that the ACA's guarantee of no-cost contraceptive coverage is maintained while this litigation proceeds." ECF No. 28 at 30.

At the time—and throughout this case—the Little Sisters have explained that the States could not show that the religious exemption was causing any harm, much less urgent and irreparable harm requiring immediate relief. ECF No. 75 at 7 ("The States cannot show that even a single employer has dropped or will drop contraceptive coverage because of the IFR."); ECF No. 75 at 9 ("The States offer no evidence that these exemptions have caused an iota of harm, much less the severe harms they predict."); ECF No. 75 at 25 ("[T]he States cannot find a single actual person who will be harmed . . .").

In reliance on the States' persistent claims of urgency, this Court moved quickly to grant emergency relief just before Christmas 2017. ECF No. 105. A year later, when the rules were finalized, this Court again took the States' every-single-day-is-irreparable-harm claim seriously, issuing another injunction in early 2019. That injunction issued on a Sunday, January 13, 2019, before the final rules could take effect the next morning. ECF No. 234.

Now that the case is in its fifth year, the States' claims of urgency and harm are belied by their continued reluctance to litigate. It has been nearly two years since the Supreme Court reinstated the allegedly harmful rules in the summer of 2020. Despite the States still supposedly seeking an injunction, they have shown no urgency to actually resolve their claims, apparently hoping instead that the

federal government will someday change the allegedly harmful rules. But if the States are just waiting for the political process to change what has now been the law of the land for a long time, they do not need to be in court. They should just abandon their case and participate in that political process directly, rather than through this Court. Alternatively, this Court should decide the long-pending motions against the States—fully informed by the States' ongoing acquiescence in delay, which is a tacit admission that the exemptions are not at all harmful and don't need to be enjoined. Such a decision would provide certainty and finality to the Little Sisters and other religious employers, who have sought conclusive protection from the Mandate and its crushing fines for nearly a decade now.

For these reasons, the Little Sisters respectfully request that the abeyance be lifted and judgment be entered against the plaintiff States.

Dated: May 2, 2022

Respectfully submitted,

BRIAN NETTER
Deputy Assistant Attorney General

STEPHANIE HINDS
United States Attorney

MICHELLE R. BENNETT
Assistant Branch Director

/s/ *Justin M. Sandberg*
JUSTIN M. SANDBERG
IL Bar No. 6278377
Senior Trial Counsel
MICHAEL GERARDI
CHRISTOPHER R. HEALY
REBECCA M. KOPPLIN
DANIEL RIESS
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, D.C. 20001
Telephone: (202) 514-5838
Email: Justin.Sandberg@usdoj.gov
*Counsel for Federal Defendants*

/s/ Mark L. Rienzi
Eric C. Rassbach – No. 288041
Mark L. Rienzi – *pro hac vice*
Lori H. Windham – *pro hac vice*
Diana M. Verm – *pro hac vice*
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20036
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
*erassbach@becketlaw.org*
*Counsel for Defendant-Intervenor The Little Sisters of the Poor*

Dated: May 2, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
KATHLEEN BOERGERS
Supervising Deputy Attorney General
KATAKEE KANE
Deputy Attorney General

*/s/ Karli Eisenberg*
KARLI EISENBERG
Supervising Deputy Attorney General
*Attorneys for Plaintiff the State of California*

WILLIAM TONG
Attorney General of Connecticut
MAURA MURPHY OSBORNE
Assistant Attorney General
*Attorneys for Plaintiff the State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
JESSICA M. WILLEY
Deputy Attorney General
*Attorneys for Plaintiff the State of Delaware*

KARL A. RACINE
Attorney General of the District of Columbia
KATHLEEN KONOPKA
Deputy Attorney General, Public Advocacy Division
*Attorneys for Plaintiff the District of Columbia*

CLARE E. CONNORS
Attorney General of Hawaii
ERIN N. LAU
Deputy Attorney General
*Attorneys for Plaintiff the State of Hawaii*

KWAME RAOUL
Attorney General of Illinois
HARPREET K. KHERA
Deputy Bureau Chief,
Special Litigation Bureau

ELIZABETH MORRIS
Assistant Attorney General,
Special Litigation Bureau
*Attorneys for Plaintiff*
*the State of Illinois*

BRIAN E. FROSH
Attorney General of Maryland
CAROLYN A. QUATTROCKI
Deputy Attorney General
STEVE M. SULLIVAN
Solicitor General
KIMBERLY S. CAMMARATA
Director, Health Education
and Advocacy
*Attorneys for Plaintiff*
*the State of Maryland*

KEITH ELLISON
Attorney General of Minnesota
JACOB CAMPION
Assistant Attorney General
*Attorney for Plaintiff*
*the State of Minnesota,*
*by and through its*
*Department of Human Services*

LETITIA JAMES
Attorney General of New York
LISA LANDAU
Bureau Chief, Health Care Bureau
STEVEN C. WU
Deputy Solicitor General
*Attorneys for Plaintiff*
*the State of New York*

JOSHUA H. STEIN
Attorney General of North Carolina
SRIPRIYA NARASIMHAN
Deputy General Counsel
*Attorneys for Plaintiff*
*the State of North Carolina*

PETER F. NERONHA
Attorney General of Rhode Island
MICHAEL W. FIELD
Assistant Attorney General
*Attorneys for Plaintiff*
*the State of Rhode Island*

T.J. DONOVAN
Attorney General of Vermont
ELEANOR SPOTTSWOOD
Assistant Attorney General

*Attorneys for Plaintiff
the State of Vermont*

ROBERT F. FERGUSON
Attorney General of Washington
JEFFREY T. SPRUNG
Assistant Attorney General
*Attorneys for Plaintiff
the State of Washington*

Dated: May 2, 2022

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ J. Nicole DeFever*
(as authorized on 5/2/22)
J. NICOLE DEFEVER,
CA Bar No. 191525
Senior Assistant Attorney General
*Attorneys for Plaintiff-Intervenor
the State of Oregon*

*/s/ Kenneth J. Connelly*
KENNETH J. CONNELLY, AZ Bar No 025420
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
Email: kconnelly@adflegal.org
*Counsel for Defendant-Intervenor
March for Life Education and Defense Fund*