Mark Rienzi *pro hac vice*
Eric C. Rassbach – No. 288041
Lori Windham *pro hac vice*
Diana Verm Thomson *pro hac vice*
Adèle Auxier Keim *pro hac vice* pending
Daniel L. Chen – No. 312576
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
mrienzi@becketlaw.org

Anthony K. Zand
The Busch Firm
2532 Dupont Drive
Irvine, CA 92612
Telephone: (949) 774-1888
azand@buschfirm.com

*Counsel for Proposed Defendant-Intervenor Little Sisters of the Poor, St. Mary's Home*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, Secretary of Health and Human Services, *et al.*,<br><br>Defendants,<br><br>and,<br><br>THE LITTLE SISTERS OF THE POOR, JEANNE JUGAN RESIDENCE, *et al.*,<br><br>Defendant-Intervenors. | Case No. 4:17-cv-05783-HSG<br><br>**INTERVENOR'S NOTICE OF MOTION AND MOTION TO INTERVENE, WITH MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date Filed: September 2, 2022<br>Hearing Date: January 19, 2023, 2:00pm<br>Judge: Hon. Haywood S. Gilliam, Jr. |

1   **TO THE PARTIES, AND THEIR COUNSEL OF RECORD:**

2   **PLEASE TAKE NOTICE** that on January 19, 2023 at 2:00 p.m., in Courtroom 2 of the

3   above-entitled court, located at 1301 Clay Street, Oakland, the St. Mary's Home of the

4   Little Sisters of the Poor in Chicago, Illinois (hereinafter "the Little Sisters Chicago"),

5   will and hereby moves this Court to permit them to intervene in this action in order to

6   defend their right to practice their faith free from crippling fines, a right guaranteed to

7   them in *Zubik v. Burwell*, 136 S. Ct. 1557 (2016), *Little Sisters of the Poor Saints Peter

8   and Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020), and extended to them under a

9   regulation challenged in this action.

10      Pursuant to Federal Rule of Civil Procedure 24, proposed Defendant-Intervenor seeks

11   permissive intervention, or in the alternative, intervention as of right.

12      Intervenor-Defendants Little Sisters of the Poor Jeanne Jugan Residence and March

13   for Life consent to the motion, Federal Defendants take no position on the motion, and

14   Plaintiffs oppose the motion.

15      For almost a decade, the Little Sisters have sought a religious exemption from the

16   crippling fines imposed by the federal government's contraceptive mandate. As a direct

17   result of the Little Sisters' lawsuit, the federal government revised its regulations to

18   exempt the Little Sisters and religious employers like them. But Plaintiff States are

19   continuing to press a lawsuit to take away the Little Sisters' religious exemption, even

20   after the Supreme Court rejected their primary arguments and upheld that exemption

21   more than two years ago.

22

23

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

1    In 2017 this Court allowed the Little Sisters' San Pedro Home (the "San Pedro Home")

2    to intervene in this case to represent the interests of the 21 homes operated by the Little

3    Sisters across the United States, 12 of which are located in the jurisdictions that have

4    brought this lawsuit. This litigation has gone on for nearly five years, and now, for

5    reasons unrelated to this lawsuit, the Little Sisters are considering the sale of the San

6    Pedro Home. The Little Sisters bring this motion to intervene on behalf of St. Mary's

7    Home in Chicago, Illinois to continue maintaining the interests of the Sisters.

8        Little Sisters Chicago are entitled to permissive intervention because they have a

9    claim which shares a common question of law and fact with Plaintiffs' claims, have

10   independent grounds for jurisdiction, and made a timely motion to intervene. The Little

11   Sisters Chicago are also entitled to intervention as of right because this motion is timely,

12   they have a significant protectable interest that is at stake in this litigation, the relief

13   that Plaintiff States seek would impede their ability to protect that interest, and the

14   current parties will not adequately protect their interest.

15       **WHEREFORE**, the Little Sisters Chicago pray that this Court grant intervention in

16   this action. This request is based on this Notice of Motion and Motion, the accompanying

17   supporting Memorandum of Points and Authorities, the supporting declaration of

18   Mother Provincial Julie Marie Horseman, as well as the papers, evidence and records on

19   file in this action, and any other written or oral evidence or argument as may be

20   presented at or before the time this motion is heard by the Court. A proposed order is

21   filed herewith.

22

23

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO INTERVENE...............................................ii

TABLE OF AUTHORITIES ..........................................................................................v

INTRODUCTION ..........................................................................................................1

STATEMENT OF THE ISSUES....................................................................................2

STATEMENT OF FACTS .............................................................................................2

   A.  Proposed Intervenor ......................................................................................2

   B.  Procedural History..........................................................................................2

   C.  Potential Sale of the San Pedro Home...........................................................5

STANDARD OF REVIEW .............................................................................................6

ARGUMENT...................................................................................................................7

   I.  The Little Sisters Chicago should be permitted to intervene
      under Rule 24(b) .............................................................................................7

      A.  The Little Sisters Chicago's motion to intervene is timely............................8

         1. The stage of proceedings favors intervention............................................8

         2. Intervention would not prejudice existing parties....................................10

         3. The length and reason for the delay favors intervention .........................11

   II.  Alternatively, the Little Sisters Chicago should be permitted
      to intervene as of right ..................................................................................12

CONCLUSION ...............................................................................................................15

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ................................................................ 6, 7

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
  142 S. Ct. 1002 (2022) ........................................................................ 11

*CEP Emery Tech Investors LLC v. JPMorgan Chase Bank, N.A.*,
  No. 09-4409, 2010 WL 1460263 (N.D. Cal. Apr. 12, 2010) ........................... 8

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
  647 F.3d 893 (9th Cir. 2011) ..................................................... 6, 7, 13, 14

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
  No. 1:07-cv-1610, 2010 WL 2942754 (E.D. Cal. July 23, 2010) ..................... 14

*League of United Latin Am. Citizens v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ................................................................ 13

*Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*,
  140 S. Ct. 2367 (2020) ...................................................................... 4, 10

*Peruta v. County of San Diego*,
  824 F.3d 919 (9th Cir. 2016) ................................................................... 8

*Smith v. Los Angeles Unified Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) ........................................................... passim

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ................................................................... 6

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) ................................................................... 8

*United States v. State of Oregon*,
  745 F.2d 550 (9th Cir. 1984) ............................................................. 9, 12

*United States v. Washington*,
  86 F.3d 1499 (9th Cir. 1996) ................................................................. 11

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

**Statutes**

28 U.S.C. § 1331 ............................................................................................ 3, 7, 12

**Other Authorities**

83 Fed. Reg. 57,536 (Nov. 15, 2018).......................................................................... 4

83 Fed. Reg. 57,592 (Nov. 15, 2018).......................................................................... 4

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

# INTRODUCTION

For close to a decade, the Little Sisters of the Poor have fought for their right to live out their faith and fulfill their religious mission of serving the elderly poor without the threat of government fines. Plaintiff States originally brought suit in October 2017, and this Court allowed the Jeanne Jugan Residence of the Little Sisters of the Poor in San Pedro, California to intervene in December 2017.  As a result of changes unrelated to this litigation, however, the Little Sisters are no longer in a position to continue operating the San Pedro Home and are seeking to sell it sometime within the next year.

Given this possible future sale—and understanding the necessity of having a religious institution in this case to defend the Final Rule and any religious exemption granted by the federal government—the St. Mary's Home of the Little Sisters of the Poor in Chicago, Illinois moves to intervene in place of the San Pedro Home to protect its interests and the interests of other Little Sisters homes within the scope of Plaintiffs' claims. The Little Sisters Chicago fully adopt the positions and existing briefing and filings of the San Pedro Home and respectfully request that this Court allow intervention.

# STATEMENT OF THE ISSUES

Whether Proposed Defendant-Intervenor should be granted intervention to defend their interests in a lawsuit that threatens legal protections won in the U.S. Supreme Court and granted by regulation.

1

1

## STATEMENT OF FACTS

2

### A.  Proposed Intervenor

3

The Little Sisters of the Poor ("the Little Sisters") is an international Roman Catholic

4

Congregation of Sisters that has provided loving care to needy elderly persons of any

5

race, sex, or religion for over 180 years. Mother Julie Decl. ¶ 4. Each Little Sister takes

6

a vow of obedience to God and of hospitality "to care for the aged as if they were Christ

7

himself." *Id.* at ¶ 17. The Little Sisters treat each "individual with the dignity they are

8

due as a person loved and created by God," and they strive to "convey a public witness of

9

respect for life, in the hope that [they] can help build a Culture of Life in our society." *Id.*

10

at ¶ 20. The Little Sisters oppose, based on Catholic doctrine, sterilization,

11

contraception, and abortion, and they believe that it is religiously wrong for them to

12

facilitate the provision of those services to their employees in connection with their

13

health insurance plans. *Id.* at ¶¶ 37-38.

14

The Little Sisters have founded and operate 21 homes in the United States, 12 of

15

which are located in jurisdictions that are parties to this action. *Id.* at ¶ 8. One of those

16

homes is the St. Mary's Home of the Little Sisters of the Poor in Chicago, Illinois, an

17

Illinois religious nonprofit corporation. *Id.* at ¶ 13. The Little Sisters Chicago now move

18

to intervene in this case.

19

### B.  Procedural History

20

This Court is well-acquainted with the "extensive statutory, regulatory, and judicial

21

background to this case." *See* ECF Nos. 234 at 2-15, 387 at 2. The Little Sisters Chicago

22

therefore recite only the relevant procedural history as it pertains to this motion to

23

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

1    intervene.

2        On October 6, 2017, the federal government issued an Interim Final Rule ("IFR")

3    protecting the Little Sisters and others with sincerely held religious objections from

4    having to comply with the contraceptive mandate. That same day, California, Delaware,

5    Maryland, New York, and Virginia filed a complaint challenging the IFR. ECF No. 1.

6    The States later filed a First Amended Complaint on November 1, 2017, ECF No. 24,

7    and a motion for a preliminary injunction on November 9, 2017, ECF No. 28.

8        On November 21, 2017, the Jeanne Jugan Residence of the Little Sisters of the Poor

9    in San Pedro filed a motion to intervene to defend the legality of the IFR. ECF No. 38.

10   The San Pedro Home explained that no other religious institution was part of this case

11   and that as a beneficiary of the IFR, it could provide a much-needed perspective as a

12   party.

13       On December 29, 2017, this Court granted the San Pedro Home's motion to intervene.

14   ECF No. 115. This Court concluded that the San Pedro Home met all three requirements

15   for permissive intervention, as it was "satisfied that it ha[d] jurisdiction over the Little

16   Sisters' claims under 28 U.S.C. § 1331," the claims and defenses brought by the San

17   Pedro Home "present[] the same question of law at issue in the Plaintiffs' challenge to

18   the IFR's legality," and the San Pedro Home's motion was timely. *Id*. at 14 & n.6. A

19   month later, the Court also granted March for Life's motion to intervene to defend the

20   moral exemption portion of the Interim Final Rule. ECF No. 134.

21       This Court also granted Plaintiffs' motion for a preliminary injunction. ECF No. 105.

22   The federal government, the San Pedro Home, and March for Life appealed, ECF Nos.

23

3

1    135-38, 142-43, and the Ninth Circuit largely affirmed—though it narrowed the

2    geographic scope of the preliminary injunction.

3        Meanwhile, the federal government proceeded with notice-and-comment, and

4    promulgated the Final Rule on November 15, 2018, with an effective date of January 14,

5    2019. 83 Fed. Reg. 57,536; 83 Fed. Reg. 57,592. Plaintiffs then filed a Second Amended

6    Complaint, challenging the Final Rule and adding Connecticut, Hawaii, Illinois,

7    Minnesota, North Carolina, Rhode Island, Vermont, Washington, and the District of

8    Columbia as Plaintiffs. ECF No. 170 at 8-12 ¶¶ 8, 13-26. Following briefing, this Court

9    granted a preliminary injunction against the Final Rule on January 13, 2019. ECF No.

10   234. That decision was affirmed by the Ninth Circuit and appealed to the Supreme Court.

11       Meanwhile, from April 2019 to August 2019, the parties briefed motions to dismiss

12   and dueling motions for summary judgment. ECF Nos. 311, 366, 368, 370, 385, 388, 389,

13   391. On January 17, 2020, while these motions were still pending, the Supreme Court

14   granted certiorari in *Little Sisters of the Poor v. Pennsylvania*, a parallel case challenging

15   the same Interim Final Rule and Final Rule in Pennsylvania. ECF No. 410. As a result,

16   this Court stayed this case on January 22, 2020.

17       On July 8, 2020, the Supreme Court reversed and remanded the Third Circuit's

18   decision upholding a nationwide injunction against the Final Rule. ECF No. 415. In light

19   of its decision, the Supreme Court also granted, vacated, and remanded the Ninth

20   Circuit's opinion affirming this Court's grant of a preliminary injunction against the

21   Final Rule. ECF Nos. 419, 420.

22       On October 8, 2020, the Ninth Circuit vacated the preliminary injunction and

23

4

remanded these cases to this Court to apply the Supreme Court's opinion. ECF No. 429. The parties filed supplemental briefing, ECF Nos. 431, 433, 435, 437, 438, 440, and on December 14, 2020, this Court lifted the stay and re-opened this case. ECF No. 442.

Following the change in presidential administrations, the federal government filed a motion to stay to grant the federal agencies time to reassess the Final Rule. ECF No. 451. This Court did not grant the motion to stay, but it held the motions to dismiss and motions for summary judgment in abeyance. ECF No. 454.

On August 17, 2021, the federal government sought a stay based on its then-current plan to initiate a new rulemaking. That same day, this Court granted a stay of proceedings that has continued in force to the present day. ECF Nos. 467, 468-70, 475 (joint status reports with Plaintiffs and federal government agreeing to indefinite continuance of stay). Meanwhile, the parties' motions to dismiss and motions for summary judgment, filed back in April 2019 through August 2019, remain pending.

**C. Potential Sale of the San Pedro Home**

As a result of changes unrelated to this litigation, the Little Sisters are no longer in a position to continue operating the San Pedro Home. They have begun the process of seeking approval from the State of California to sell this home to another nursing home operator who is equipped to care for the current residents. The corporate defendant—the Jeanne Jugan Residence of the Little Sisters of the Poor in San Pedro, California—would continue to exist following any potential sale but would experience a drastic and possibly complete reduction in its employee workforce. While it is possible the San Pedro Home would later acquire another facility and resume operations, there is no guarantee they

1    will ever do so.

2        In light of this possible future sale, the Little Sisters Chicago move to intervene in

3    order to protect their interests and the interests of the 20 other Little Sisters homes

4    nationwide. The Little Sisters Chicago understand the necessity of having a religious

5    institution in this case to defend the Final Rule and any religious exemption granted by

6    the federal government, particularly in light of the federal government's uncertain

7    commitment to defending the current rule. In so doing, the Little Sisters Chicago fully

8    adopt the positions and existing briefing and filings of the San Pedro Home.

9                              **STANDARD OF REVIEW**

10       In evaluating a motion to intervene, district courts are "required to accept as true the

11   non-conclusory allegations" made by the proposed intervenor. *Sw. Ctr. for Biological*

12   *Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). Decisions on intervention are "guided

13   primarily by practical considerations, not technical distinctions." *Citizens for Balanced*

14   *Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Berg*, 268

15   F.3d at 818). Intervention requirements "are broadly interpreted in favor of

16   intervention." *Citizens for Balanced Use*, 647 F.3d at 897.

17       Federal Rule of Civil Procedure 24(b) instructs courts to "permit anyone to intervene"

18   who "has a claim or defense that shares with the main action a common question of law

19   or fact," as long as the intervenor has "an independent ground for jurisdiction" and has

20   made a "a timely motion." Fed. R. Civ. P. 24(b); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

21   F.2d 470, 473 (9th Cir. 1992).

22       Meanwhile, Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right

23   if: "(1) the intervention application is timely; (2) the applicant has a significant

                                          6

protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use*, 647 F.3d at 897 (citation and internal quotation omitted). These requirements "are broadly interpreted in favor of intervention." *Id.* at 897.

## ARGUMENT

### I.  The Little Sisters Chicago should be permitted to intervene under Rule 24(b).

On December 29, 2017, this Court granted the San Pedro Home permissive intervention under Rule 24(b). ECF No. 115 at 14. That same conclusion follows for the Little Sisters Chicago.

Permissive intervention under Rule 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, 966 F.2d at 473. "In exercising its discretion" on this issue, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Little Sisters Chicago easily satisfy the first and third elements based on this Court's prior ruling granting permissive intervention to the San Pedro Home. The Little Sisters Chicago seek to argue precisely the same claims and defenses articulated by the San Pedro Home, which this Court "has jurisdiction over … [pursuant to] 28 U.S.C. § 1331." ECF No. 115 at 14 n.6. And like the San Pedro Home, the Little Sisters Chicago

argue that the Rule should be upheld, which "presents the same question of law at issue in the Plaintiffs' challenge" here. *Id*. at 14.

**A. The Little Sisters Chicago's motion to intervene is timely.**

The only remaining question, then, is whether the motion to intervene is timely. That inquiry considers the stage of the proceedings at which an applicant seeks to intervene, the prejudice to existing parties, and the length of and reason for the delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). All these factors weigh in favor of a finding of timeliness.

**1. The stage of proceedings favors intervention.**

As to the stage of the proceedings, "[a]lthough delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *Id*. at 921. Rather, "courts consider whether there have been actual proceedings of substance on the merits in the underlying action." *CEP Emery Tech Investors LLC v. JPMorgan Chase Bank, N.A.*, No. 09-4409, 2010 WL 1460263, at *3 (N.D. Cal. Apr. 12, 2010).

Here, while Plaintiffs initially brought suit approximately four and a half years ago, that alone is insufficient to find the motion untimely. Indeed, courts regularly find intervention motions to be timely even when filed years after litigation began. *See, e.g.*, *Peruta v. County of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (en banc), *cert. denied sub nom Peruta v. California*, 137 S. Ct. 1995 (2017) (four years); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) ("approximately twenty years after its commencement").

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

Rather, "[w]here a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Smith*, 830 F.3d at 854. For example, in *United States v. State of Oregon*, 745 F.2d 550, 551-52 (9th Cir. 1984), Idaho moved to intervene in litigation between Washington, Oregon, and various Indian tribes *fifteen years* after the commencement of that action and five years after a settlement had been reached. Notwithstanding the substantial lapse in time, the Ninth Circuit held that the "stage of proceedings" factor supported a finding of timeliness because a "change of circumstance" had occurred in 1982—namely, two Indian tribes had given "notice of their intent to withdraw from the [settlement] or to renegotiate it," which created "the possibility of new and expanded negotiations." *Id*. at 552. Idaho's 1983 intervention motion was thus timely.

That logic applies to this case. Here, the relevant "change in circumstances" involves the possible sale of the San Pedro Home. As explained in the declaration of Mother Provincial Julie Marie Horseman, the San Pedro Home could possibly be sold within the next year. Mother Julie Decl. ¶ 74. Although dispositive motions were filed more than three years ago, both the State Plaintiffs and the federal Defendants have repeatedly asked this Court not to decide them, extending this litigation for years. Given that long time frame and the possibility of a sale of the San Pedro Home before the case is resolved, the Little Sisters Chicago are pursuing intervention in this case to ensure that a religious organization can maintain a defense of the Rule when the case resumes. *Id*. at ¶ 76.

This is especially true because although Plaintiffs filed their complaint back in October 2017, this case has been stayed for almost two years, with Plaintiffs' repeated consent. *See* ECF Nos. 411, 442 (staying case from January 22, 2020 to December 14, 2020); ECF No. 467 (staying case from August 17, 2021 to the present). And while this Court has decided motions for preliminary injunctions, *see* ECF Nos. 105, 234, 387, it has not yet issued a decision on the merits—let alone a merits decision incorporating the Supreme Court's ruling from *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020). Rather, Defendants' motions to dismiss remain outstanding, *see* ECF Nos. 366, 368, 370, dueling motions for summary judgment have not been decided, *see* ECF Nos. 311, 366, 368, 370, 385, 388, 389, 391, and most of the parties appear content for this posture to continue indefinitely. *See* ECF Nos. 468-70, 475 (joint status reports explaining that Plaintiff States and Federal Defendants agree to an indefinite continuance of the stay).

Moreover, the Little Sisters Chicago are "not seeking to reopen [years] of litigation." *Smith*, 830 F.3d at 856. Instead, they are merely seeking to step into the shoes of the San Pedro Home before it is sold. The Little Sisters Chicago would adopt in full the existing briefing before this Court by the San Pedro Home. This independently supports a finding of timeliness, as permitting intervention here would not unduly delay any proceedings. ECF No. 115 at 14-15 (noting that permitting intervention for the San Pedro Home would not unduly delay the proceedings).

### 2.  Intervention would not prejudice existing parties.

Furthermore, the second timeliness factor, prejudice to the existing parties, likewise favors intervention. "[T]he only 'prejudice' that is relevant under this factor is that which

10

1  flows from a prospective intervenor's failure to intervene after he knew, or reasonably

2  should have known, that his interests were not being … represented." *Smith*, 830 F.3d

3  at 857. Importantly, no "prejudice" arises from "the fact that including another party in

4  the case might make resolution more 'difficult.'" *Id.* (cleaned up).

5      In the present case, the San Pedro Home's sale has not even occurred. At this stage,

6  the sale remains a possibility within the next year, but any potential sale has not been

7  finalized and is contingent on regulatory approval by the State of California.

8  Nonetheless, in an abundance of caution and with an eye for preventing any possible

9  undue delay or prejudice, the Little Sisters Chicago are seeking intervention now to

10  maintain the posture of the existing parties. As a result, any elapsed time is nonexistent,

11  or at the very least, "nominal at best," *id.* at 859, especially because this case has been

12  stayed since August 17, 2021 (as well as from January 22, 2020 to December 14, 2020),

13  and the last motion that received a substantive ruling was decided on July 2, 2019, *see*

14  ECF No. 387 (granting Oregon's motion for preliminary injunction). In short, the

15  prejudice factor also weighs in favor of intervention.

16      **3. The length and reason for the delay favors intervention.**

17      Finally, the length and reason for the delay. Again, "[d]elay is measured from the

18  date the proposed intervenor should have been aware that its interests would no longer

19  be protected adequately by the parties[.]" *United States v. Washington*, 86 F.3d 1499,

20  1503 (9th Cir. 1996). The Supreme Court, in similar circumstances, has articulated the

21  timeliness question as whether a proposed intervenor intervened "as soon as it became

22  clear" that its interests "would no longer be protected by the parties in the case."

23

Proposed Defendant-Intervenor's Motion to Intervene (4:17-cv-05783-HSG)

1   *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1012 (2022) (cleaned

2   up).

3      As explained above, the San Pedro Home has not yet been sold, and the Little Sisters

4   Chicago are therefore moving for intervention now to prevent *any* delay in this case.

5   Moreover, "[w]here—as here—both the first and second timeliness factors weigh in favor

6   of intervention, [the Ninth Circuit] ha[s] found motions to be timely even in the face of

7   *longer* delays than are present here." *Smith*, 830 F.3d at 859, 861 (granting intervention

8   when "Appellants moved to intervene approximately one year after the change in

9   circumstances prompting their motion"); *State of Oregon*, 745 F.2d at 552 (granting

10   intervention after at least an eight-month delay). Accordingly, there is no delay in this

11   case, and this Court should find that the Little Sisters Chicago's motion to intervene is

12   timely.

13                              *       *       *       *

14      The Little Sisters Chicago have satisfied all the requirements for permissive

15   intervention. As was the case with the San Pedro Home, the Little Sisters Chicago

16   possess an independent ground for jurisdiction under 28 U.S.C. § 1331, and their claims

17   and defenses involve a common question of law and fact with Plaintiffs' main action.

18   ECF No. 115 at 14. Most importantly, the motion is timely and no existing party will be

19   prejudiced by granting intervention. Indeed, this case has been stayed since August 17,

20   2021 (and from January 2020 to December 2020), and no substantive issues have been

21   decided in nearly three years. Allowing intervention here would thus simply allow the

22   Little Sisters Chicago to step in and defend the Rule on the exact same basis and briefing

23

as that offered by the San Pedro Home. This Court should grant the motion for permissive intervention.

**II. Alternatively, the Little Sisters Chicago should be permitted to intervene as of right.**

Under Rule 24(a), the Little Sisters Chicago should also be permitted to intervene as of right. Intervention as of right must be granted when "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use*, 647 F.3d at 897 (cleaned up). These requirements "are broadly interpreted in favor of intervention," *id.*, and all are satisfied here.

As noted above, this motion is timely. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (timeliness inquiry for permissive intervention and intervention as of right "consider[s] precisely the same three factors"). And as to the second and third elements for intervention as of right, this Court's prior order holding that those elements are met also applies here. The Little Sisters Chicago, like the San Pedro Home, have a significant protectable interest "in being exempt from the ACA's contraceptive mandate based on their religious objection," which is "protectable under some law"—the Final Rule at issue in this case. ECF No. 115 at 7. "Moreover," as before, "the result of this case could impair or impede" the Little Sisters Chicago's "ability to protect this asserted interest," in the event this Court invalidates the Final Rule such

13

that the Little Sisters Chicago are compelled "to comply with the prior accommodation process to which they have objected for years." *Id.* at 7-8.

The only question then is whether the existing parties adequately represent the interests of the Little Sisters Chicago. Though the Court previously concluded that those interests were adequately represented by the federal defendants, ECF No. 115 at 9-14, the change in presidential administrations and the federal defendants' actions in this litigation now prove otherwise; indeed, the entire premise of the lengthy stay of this case is that the federal defendants are *not* equally committed to proposed intervenors' religious claims and therefore might give the Plaintiffs what they seek.

In denying intervention as of right for the San Pedro Home, this Court found—based on the record as it then existed—that "nothing in the record support[ed]" the "theoretical" argument that federal defendants would not make the same arguments to defend the Rule as the San Pedro Home would. ECF No. 115 at 13. Rather, at that point, the federal defendants under the Trump Administration were "fully advocating for the Little Sisters' position." *Id.* at 11. While this may have been true back in December 2017, it is no longer the case.

Rather, federal defendants have demonstrated that they intend to cease defending the Final Rule. Federal defendants filed a notice of intent to initiate a rulemaking to amend the Final Rule, ECF No. 465, and successfully persuaded this Court to stay this case so that they would not have to defend the Final Rule while seeking to replace it, ECF Nos. 467-70. Thus, far from being "theoretical" or a "formal vestige of past adversity," it is now clear that the government does not adequately represent the

14

1  interests of the Little Sisters Chicago. ECF No. 115 at 10, 13. Indeed, in soliciting public

2  comments to replace the Final Rule, the federal defendants have established that the

3  public interest and their "balanc[ing] [of] a number of policy considerations" diverge from

4  the Little Sisters Chicago's more narrow, "parochial" interest, which is sufficient to show

5  that the Little Sisters' interests are not adequately represented. *See, e.g.*, *Citizens for*

6  *Balanced Use*, 647 F.3d at 899 (quotation omitted); *Delano Farms Co. v. Cal. Table Grape*

7  *Comm'n*, No. 1:07-cv-1610, 2010 WL 2942754, at *2 (E.D. Cal. July 23, 2010).

8     Accordingly, the Little Sisters Chicago meet all the requirements for intervention as

9  of right.

10                              **CONCLUSION**

11     For the foregoing reasons, the motion to intervene should be granted.

12  Dated: September 2, 2022          Respectfully submitted,

13

14                                    /s/ Mark Rienzi
                                      Mark Rienzi *pro hac vice*
                                      Eric C. Rassbach – No. 288041
15                                    Lori Windham *pro hac vice*
                                      Diana Verm Thomson *pro hac vice*
16                                    Adèle Auxier Keim *pro hac vice* pending
                                      Daniel L. Chen – No. 312576
17                                    The Becket Fund for Religious Liberty
                                      1919 Pennsylvania Ave. NW, Suite 400
18                                    Washington, DC 20006
                                      Telephone: (202) 955-0095
19                                    Facsimile: (202) 955-0090

20                                    *Counsel for Proposed Defendant-Intervenor*

21

22

23
                                      15