1  ROB BONTA
   Attorney General of California
2  KATHLEEN BOERGERS (SBN 213530)
   KARLI EISENBERG (SBN 281923)
3  Supervising Deputy Attorneys General
   KETAKEE R. KANE (SBN 291828)
4  Deputy Attorney General
     1515 Clay Street, 20th Floor
5    P.O. Box 70550
     Oakland, CA 94612-0550
6    Telephone: (510) 879-1300
     Fax: (510) 622-2270
7    E-mail: Ketakee.Kane@doj.ca.gov
   *Attorneys for State of California*
8  *[Additional counsel listed on signature page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, *et al.*, <br><br> Defendants, <br><br> and, <br><br> THE LITTLE SISTERS OF THE POOR, JEANNE JUGAN RESIDENCE; MARCH FOR LIFE EDUCATION AND DEFENSE FUND, <br><br> Defendant-Intervenors. | 4:17-cv-05783-HSG <br><br> **STATES' OPPOSITION TO LITTLE SISTERS CHICAGO'S MOTION TO INTERVENE** <br><br> Filed concurrently with Request for Judicial Notice <br><br> Date:    January 19, 2023 <br> Time:    2:00 p.m. <br> Dept.:    2, 4th Floor <br> Judge:   The Honorable Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

Page

Introduction ................................................................................................................................. 1
Background ................................................................................................................................. 2
    I.    Procedural Case History ................................................................................................. 2
    II.   Defendant-Intervenor Little Sisters San Pedro ............................................................... 3
    III.  Little Sisters Chicago's Motion to Intervene ................................................................. 5
Standard ...................................................................................................................................... 6
Argument .................................................................................................................................... 6
    I.    Little Sisters Chicago Has Not Established That It Meets The Requirements for Permissive Intervention ............................................................................ 7
        A.    This Motion Is Untimely ................................................................................... 7
        B.    Little Sisters Chicago Do Not Have a Question of Law or Fact in Common ............................................................................................................ 9
    II.   There Are No Grounds for Intervention as of Right .................................................... 11
    III.  If the Court Permits Intervention, It Should Impose Reasonable Conditions to Ensure that Existing Parties Are Not Prejudiced ........................................................... 12
Conclusion ................................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Brown v. Demco, Inc.*
   792 F.2d 478 (5th Cir. 1986) .................................................................................. 8

*Burwell v. Hobby Lobby Stores, Inc.*
   573 U.S. 682 (2014) ................................................................................................. 2

*California v. Azar*
   911 F.3d 558 (9th Cir. 2018) .................................................................................... 3

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*
   647 F.3d 893 (9th Cir. 2011) .............................................................................. 6, 11

*League of United Latin Am. Citizens v. Wilson*
   131 F.3d 1297 (9th Cir. 1997) ............................................................................. 7, 8

*Little Sisters of the Poor Home for the Aged v. Sebelius*
   6 F. Supp. 3d 1225 (D. Colo. 2013) ........................................................................ 4

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania and Trump v. Pennsylvania*
   140 S. Ct. 2367 (2020) ................................................................................ 3, 7, 10

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*
   72 F.3d 361 (3d Cir. 1995) ....................................................................................... 7

*Nat'l Fed'n of Indep. Bus. v. Sebelius*
   567 U.S. 519 (2012) ................................................................................................. 2

*People of State of California v. Tahoe Reg'l Plan. Agency*
   792 F.2d 775 (9th Cir. 1986) .................................................................................... 9

*Peruta v. Cnty. of San Diego*
   824 F.3d 919 (9th Cir. 2016) ................................................................................ 7, 9

*Smith v. Los Angeles Unified Sch. Dist.*
   830 F.3d 843 (9th Cir. 2016) ................................................................................ 7, 9

*Stringfellow v. Concerned Neighbors in Action*
   480 U.S. 370 (1987) ............................................................................................... 12

*U.S. v. Alisal Water Corp.*
   370 F.3d 915 (9th Cir. 2004) ............................................................................... 7, 8

# TABLE OF AUTHORITIES
### (continued)

Page

*U.S. v. City of L.A.*
  288 F.3d 391 (9th Cir. 2002) ............................................................................................ 6, 9

*United States v. State of Or.*
  745 F.2d 550 (9th Cir. 1984) ................................................................................................ 9

*Vinson v. Washington Gas Light Co.*
  321 U.S. 489 (1944) ............................................................................................................ 12

**FEDERAL STATUTES**

42 U.S.C.
  § 300gg-13(a)(4) ................................................................................................................... 2

**FEDERAL REGULATIONS**

45 C.F.R.
  § 147.131(c)(4) ..................................................................................................................... 2

**FEDERAL RULES**

Federal Rule of Civil Procedure
  24 ..................................................................................................................................... 6, 12

**CALIFORNIA STATUTES**

Cal. Corp. Code
  § 5914 (a)(1)(A) ................................................................................................................ 5, 8
  § 5914 (b) ............................................................................................................................. 5

**OTHER AUTHORITIES**

155 Cong. Rec.
  S12027 (Dec. 1, 2009) ......................................................................................................... 2

77 Fed. Reg.
  8,725 (Feb. 15, 2012) ........................................................................................................... 2

80 Fed. Reg.
  41,318 (July 14, 2015) ......................................................................................................... 2

83 Fed. Reg.
  57,536 (Nov. 15, 2018) ........................................................................................................ 3
  57,592 (Nov. 15, 2018) ........................................................................................................ 3

## INTRODUCTION

Little Sisters of the Poor in Chicago, Illinois (Little Sisters Chicago) request that this Court permit them to intervene in this case. Their request for permissive intervention should be denied because their motion is not timely and they do not have a question of law or a question of fact in common with the existing parties.

Little Sisters Chicago's motion is untimely because it is a late stage intervention, it is prejudicial to the plaintiff States, and there is no basis for the delay. The parties have been litigating this matter for over four years and have cross-motions for summary judgment pending with the Court. This is extremely late to add a new intervenor-defendant. Further adding a third intervenor-defendant to this complex action is prejudicial, particularly given that Little Sisters of the Poor Jeanne Jugan Residence (Little Sisters San Pedro) are already intervenors and they have not stated any intention to withdraw from this litigation. Finally, there is no real basis for the delay. Little Sisters Chicago argue that they have a justified reason for their delayed intervention: Little Sisters San Pedro *might be* sold, *possibly* in the next year and a half. As their own statements suggest, this motion is premature given that it relies on a speculative future sale.

There is also no common question of law or fact to justify Little Sisters Chicago's intervention. Little Sisters Chicago and Little Sisters San Pedro are subject to a permanent injunction that permits them to offer health plans that do not offer contraceptive coverage, pursuant to their religious beliefs. Therefore, Little Sisters Chicago lacks an interest in the validity of the Religious Exemption Rule at issue here.

Should the Court permit Little Sisters Chicago to intervene, the plaintiff States respectfully request that the Court impose reasonable conditions to ensure the issues before the Court are not broadened or enlarged and that Little Sisters Chicago cannot file motions or seek discovery.

//
//
//
//
//

# BACKGROUND[1]

## I.  PROCEDURAL CASE HISTORY

In 2010, Congress enacted the Affordable Care Act ("ACA"). *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 519 (2012). Among its many reforms to the nation's healthcare system, the ACA requires that "group health plan[s]" "shall" include women's "preventive care and screenings" and "shall not impose any cost sharing" on the consumer. 42 U.S.C. § 300gg-13(a)(4). Known as the Women's Health Amendment, this provision sought to redress the discriminatory practice of charging women more for preventive services than men. 155 Cong. Rec. S12027 (Dec. 1, 2009). Congress delegated to the Health Resources and Services Administration (HRSA) the specific duty to prescribe the exact coverage. 42 U.S.C. § 300gg-13(a)(4).

In 2011, HRSA issued guidelines that included a list of each type of preventive service, and the frequency with which it should be offered. Federal defendants also promulgated regulations, consistent with HRSA's guidelines, requiring that employers offering group health insurance plans cover all FDA-approved contraceptive methods—but exempted houses of worship from the contraceptive mandate. 77 Fed. Reg. 8,725, 8,725-26 (Feb. 15, 2012). The religious accommodation was later expanded to include certain closely held for-profit organizations with religious objections to contraceptives, consistent with *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014); 80 Fed. Reg. 41,318 (2015); 45 C.F.R. § 147.131(c)(4).

On October 6, 2017, Defendants promulgated sweeping new rules upending women's entitled contraceptive coverage in two interim final rules (IFRs), effective immediately. The "Religious Exemption IFR"—which is the relevant rule to this motion to intervene—vastly expanded the scope of the exemption to the contraceptive-coverage requirement, permitting any employer (regardless of corporate structure or religious affiliation), individual, or even a health insurer with religious objections to coverage of all or a subset of FDA-approved contraceptives, to exempt themselves.

---

[1] Because this Court is well-acquainted with the extensive statutory, regulatory, and judicial background of this case, plaintiff States confined their background discussion to matters pertinent to this motion.

The States filed a complaint challenging the IFRs the next day. ECF No. 1. On December 21, 2017, this Court enjoined implementation of the IFRs. ECF No. 105. On December 13, 2018, the Ninth Circuit largely upheld this Court's decision. *California v. Azar*, 911 F.3d 558 (9th Cir. 2018).

On November 15, 2018, Defendants promulgated the final Exemption Rules (Exemption Rules). 83 Fed. Reg. at 57,536; 83 Fed. Reg. at 57,592. On January 13, 2019, this Court issued a preliminary injunction enjoining implementation of the Exemption Rules. ECF No. 234.

The parties fully briefed dueling motions for summary judgment and motions to dismiss. ECF Nos. 311, 366, 368, 370, 385, 388, 389, 391. While the motions were pending, the Supreme Court granted certiorari in *Little Sisters of the Poor v. Pennsylvania*. ECF 410. On July 8, 2020, the Supreme Court held that ACA "gives HRSA broad discretion to define preventive care and screenings and to create religious and moral exemptions." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania* and *Trump v. Pennsylvania*, 140 S. Ct. 2367, 2381 (2020). The Supreme Court further held that the Exemption Rules are not procedurally invalid under the Administrative Procedure Act (APA). *Id.* at 2384-86. Once the case was remanded to this Court, the States withdrew their statutory authority and procedural claims. ECF No. 434. The parties then filed supplemental briefing in light of the Supreme Court decision. ECF Nos. 433, 435, 437, 438, 440.

Following the change in administration, the Court held the case in abeyance. ECF 451. The Federal Government has recently informed the Court that a new proposed rule is before Office of Management and Budget (OMB) for review by its Office of Information and Regulatory Affairs and a new notice of proposed rulemaking will be published upon completion of that review. ECF No. 475, ¶ 7.

## II.  DEFENDANT-INTERVENOR LITTLE SISTERS SAN PEDRO

In September 2013, the Little Sisters Colorado and the Little Sisters Baltimore on behalf of themselves and "others similarly situated," brought suit in federal court, challenging the contraceptive mandate as violating the U.S. Constitution, the Religious Freedom and Restoration

Act of 1993 ("RFRA"), and the APA. *See Little Sisters of the Poor Home for the Aged v. Sebelius*, 6 F. Supp. 3d 1225, 1232-33 (D. Colo. 2013).

Meanwhile, in this case, the Little Sisters San Pedro filed a motion to intervene on November 21, 2017. ECF No. 38. On December 29, 2017, this Court granted Little Sisters San Pedro's motion to intervene, concluding that although Little Sisters San Pedro did not meet the standard for intervention as of right, they met the standard for permissive intervention. ECF 115 at 6-15. The Court held that Little Sisters San Pedro could permissively intervene because, among other reasons, the "[t]he Little Sisters' claim that the Religious Exemption IFR ought to be preserved presents the same question of law at issue in the Plaintiffs' challenge to the IFR's legality." *Id.* at 14. This Court also concluded that their motion was timely and that "intervention will not 'unduly delay or prejudice the adjudication of the original parties' rights.'" *Id.* In granting intervention, the Court limited the issues in the case to "those raised by the original parties" and held that there should be "no delay in resolving the merits of this case" or "duplicative discovery" as a result of Little Sisters San Pedro's intervention. *Id.* at 14-15.

In the interim, Little Sisters Colorado continued to litigate their Colorado case, and on May 29, 2018, they obtained a stipulated permanent injunction from the federal government. Request for Judicial Notice (RJN) Ex. A. The permanent injunction states:

> Defendants, their agents, officers, employees, and *all successors in office* are enjoined and restrained from any effort to apply or enforce the substantive requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of sterilization or *contraceptive drugs*, devices, or procedures and related education and counseling to which Plaintiffs have sincerely held religious objections, and *are enjoined and restrained from pursuing, charging, or assessing penalties, fines, assessments*, or other enforcement actions for noncompliance related thereto. . . including, but not limited to, penalties for failure to offer or facilitate access to religiously-objectionable sterilization or contraceptive drugs, devices, or procedures, and related education and counseling, against *Plaintiffs, all current and future participating employers in the Christian Brothers Employee Benefit Trust Plan*, and any-third party administrators acting on behalf of these entities with respect to the Christian Brothers Employee Benefit Trust Plan, including Christian Brothers Services.

*Id.* (emphasis added). As noted above, the injunction applies to Plaintiffs Little Sisters Colorado and Little Sisters of the Poor, Baltimore, "by themselves and on behalf of all similarly situated." *Id.*

As Little Sisters San Pedro and Little Sisters Chicago are Little Sisters entities and they use the Christian Brothers Employee Benefit Trust (ECF No. 115 at 8), the injunction applies to both of them and federal defendants are enjoined from imposing penalties or fines for "failure to offer or facilitate access to . . . contraceptive drugs, device, or procedures." (RJN Ex. A at 2-3.)

### III. LITTLE SISTERS CHICAGO'S MOTION TO INTERVENE

On September 2, 2022, Little Sisters Chicago filed the operative motion to intervene. Little Sisters Chicago argue that they should be allowed to intervene because Little Sisters San Pedro may experience a "*potential* sale." Motion to Intervene (Mot.) at 11 (emphasis added); *id.* (also described as a "*possible* future sale" (emphasis added)).

Yet, in their motion, Little Sisters Chicago concede that Little Sisters San Pedro's sale is speculative and even if a sale were effectuated, Little Sisters San Pedro will continue operating in California. Little Sisters Chicago also concede that "the San Pedro Home's sale has not even occurred," *id.* at 11, and such a sale remains a mere "*possibility*" as it has not been "finalized" or received "regulatory approval." *Id.*[2]

The supporting declaration likewise confirms that there is not a clear timeline for the sale of Little Sisters San Pedro. Declaration of Mother Provincial Julie Marie Horseman (Horseman Decl.). For instance, the declaration states "the San Pedro Home *has explored the possibility of a sale*," and that such "potential sale . . . could *possibly* occur within *six months to a year*." *Id.* ¶¶ 73, 74 (emphasis added).

Little Sisters Chicago further concede that Little Sisters San Pedro "would continue to exist following any possible sale." *Id.*; *see also* Horseman Decl. at ¶ 75 (explaining that "Jeanne Jugan Residence of the Little Sisters of the Poor in San Pedro, California—would continue to exist following any potential sale"). Given this, it is unclear why Little Sisters San Pedro cannot continue to serve as intervenor-defendant, even after a possible sale.

---

[2] Before entering into any agreement for the sale of a California nonprofit health facility, the facility must give written notice to and obtain consent from the California Attorney General. Cal. Corp. Code § 5914 (a)(1)(A). And this written notice, including any other information provided to the Attorney General, shall be made public by the Attorney General. Cal. Corp. Code § 5914 (b). Here, Little Sisters San Pedro withdrew their notice of sale in March 2022 and they have not given the Attorney General public notice of a new sale. (Request for Judicial Notice Exs. B, C.)

**STANDARD**

Federal Rule of Civil Procedure 24(b) governs permissive intervention. The Ninth Circuit permits permissive intervention "'where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question or law or a question of fact in common.'" *U.S. v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). "In exercising its discretion" on this issue, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Federal Rule of Civil Procedure 24(a) governs intervention as of right. The rule requires a movant to show that

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Courts deciding motions to intervene as of right are "'guided primarily by practical considerations, not technical distinctions.'" *See id.* (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)); *see also City of L.A.*, 288 F.3d at 397 (stating that "equitable considerations" guide determination of motions to intervene as of right).

Little Sisters Chicago cannot meet the standard for either permissive intervention or intervention as of right.

**ARGUMENT**

Little Sisters Chicago should not be allowed to intervene in this matter, neither permissively nor as a matter of right. As demonstrated below, Little Sisters Chicago cannot meet the standard for permissive intervention because the motion is untimely and they do not have a common question of law or fact with the plaintiff States. And, as this Court already established in its December 29, 2017 Order, Little Sisters Chicago cannot meet the standard for intervention as of

right. Nevertheless, should this Court grant Little Sisters Chicago's motion, the States respectfully request reasonable limitations on that intervention to ensure the current parties are not prejudiced.

## I. LITTLE SISTERS CHICAGO HAS NOT ESTABLISHED THAT IT MEETS THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

There are no grounds for permissive intervention because Little Sisters Chicago cannot establish that this motion is timely or that there is a common cause of law or fact.

### A. This Motion Is Untimely

Little Sisters Chicago's motion is untimely because this is a late stage of the proceeding at which to permit intervention, there would be prejudice to the other parties to permit intervention, and there is no change in circumstance to justify intervention. Determination of timeliness is based upon the totality of the circumstances related to timeliness. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 845 (9th Cir. 2016). In considering the totality of the circumstances, courts focus on three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Id*; *Peruta v. Cnty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016). All of these factors weigh against Little Sisters Chicago and thus their motion to intervene should be denied. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) ("a finding of untimeliness defeats a motion for permissive intervention.").

Little Sisters Chicago's motion is extremely untimely given the current stage of the proceedings. *See U.S. v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) ("delay can strongly weigh against intervention"); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) ("the critical inquiry is: what proceedings of substance on the merits have occurred?"). Here, this litigation has been active for over four years. The parties have reviewed the administrative record, and fully briefed two motions for a preliminary injunction, dueling motions to dismiss/motions for summary judgment and provided supplemental briefing in light of the Supreme Court decision in *Little Sisters of the Poor v. Pennsylvania*. Given this context and that the district court has already substantially engaged in the issues of the case weighs heavily against allowing intervention. *See League of United Latin*

*Am. Citizens*, 131 F.3d at 1303 (affirming denial of intervention where district court "substantively—and substantially—engaged the issues," including ruling on a temporary restraining order, a preliminary injunction, several motions to intervene, and plaintiffs' motion for summary judgment); *Alisal Water Corp.*, 370 F.3d at 921-22 (affirming denial of intervention where applicant sought to intervene "at an advanced stage of the litigation," four years after proceedings began).

Allowing Little Sisters Chicago to intervene would prejudice the States, the parties, and the Court because they all will have to contend with a third defendant-intervenor. *See Alisal Water Corp.*, 370 F.3d at 923 (court considers how intervention could "complicate" or further "delay" litigation). Although Little Sisters Chicago argues that it will maintain the same arguments as Little Sisters San Pedro (Mot. at 10), there is no indication that Little Sisters San Pedro intends to withdraw from this case, especially as Little Sisters San Pedro states that it may continue operations in California. Mot. at 5; Horseman Decl., ¶ 75. Nevertheless, as an intervenor-defendant, the States, the parties, and the Court would need to coordinate all status reports, briefings, and timelines with this new intervenor. *Brown v. Demco, Inc.*, 792 F.2d 478, 480-81 (5th Cir. 1986) ("If a motion to intervene is granted, the intervenor is generally treated 'as if it were an original party and has equal standing with the original parties.'").

Little Sisters Chicago also do not have a sufficient justification for the delay in seeking intervention. They argue that their motion is timely because there is a "change in circumstance" which is the "*possible* sale of the San Pedro Home." Mot. at 9. But as they concede, any sale is purely theoretical. Specifically, they concede that there is only a "possibility of a sale" and that no sale has been finalized. Mot. at 9-11; *id.* ("the San Pedro Home's sale has not even occurred"); *id.* (a "sale remains a *possibility*" but has not been "finalized" nor has it received "regulatory approval"); *see also* Horseman Decl., ¶¶ 73-74 (Little Sisters San Pedro Home has "*explored* the *possibility* of a sale"). Indeed, they concede that any potential sale would "occur within six months to a year" from now. This makes sense as any sale of a California nonprofit healthcare facility, such as Little Sisters San Pedro, is subject to regulatory approval. Cal. Corp. Code § 5914(a)(1)(A). Here, Little Sisters San Pedro have not filed a notice of proposed sale, let alone

8

obtained regulatory consent from the Attorney General. RJN Exs. B, C. Despite this, Little Sisters Chicago provide no explanation as to why they could not seek intervention when any sale is either finalized or, at the very least, closer to finalization. As such, their interest in this litigation at this time and for the foreseeable future is being fully protected by Little Sisters San Pedro. *See People of State of California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (district court did not abuse its discretion in denying intervention because the proposed intervenor's participation "would be redundant and it would impair the efficient administration of justice in this case").

Further, none of the cases cited by Little Sisters Chicago support intervention at this late stage in the proceedings based upon a speculative change in circumstance. Mot. at 8-9 (citing *Peruta*, 824 F.3d at 940; *Smith*, 830 F.3d at 847; and *United States v. State of Or.*, 745 F.2d 550, 551 (9th Cir. 1984)). In *Peruta*, there was an actual change in circumstances to make intervention timely. 824 F.3d at 940. Specifically, the change in circumstances was that one of the parties declined to appeal and before that time, the intervenor (California) had "no incentive" to intervene. *Id.* In *Smith v. Los Angeles Unified Sch. Dist.*, intervention was permitted because Los Angeles Unified changed its policies—creating a change in circumstance—and parties moved to intervene only to challenge the new policy. 830 F.3d at 856. Finally, in *United States v. State of Or.*, intervention was proper because two parties gave notice of intent to withdraw or renegotiate a settlement plan. In contrast to the facts here, the intervention motion was premised on a non-speculative event. 745 F.2d at 552. In short, there is no actual change of circumstance that justifies Little Sisters Chicago's untimely motion and none of the cases cited by Little Sisters Chicago supports their position.

**B.      Little Sisters Chicago Do Not Have a Question of Law or Fact in Common**

There are no common questions for law or fact between Little Sisters Chicago's claims and the States' claims. *City of L.A.*, 288 F.3d at 403 (permissive intervention allowed where "applicant for intervention shows . . . the applicant's claim or defense, and the main action, have a question of law or a question of fact in common'").

First, the previous common question of law that this Court identified in its 2017 order granting Little Sisters San Pedro's motion to intervene no longer applies. This Court held that the common question of law with the plaintiff States was whether the Religious Exemption Rule (then the interim final rule) "ought to be preserved." ECF 115 at 14. This Court therefore held that the Little Sisters San Pedro had an interest in the litigation because the Little Sisters San Pedro believed that the Religious Exemption Rule was necessary to permit the Little Sisters to offer a health plan that was consistent with their Catholic teachings. ECF 115 at 14 ("[Little Sisters] believe that the health plans they offer to their employees 'should be consistent with Catholic teaching' . . . and that the Religious Exemption IFR is necessary to enable them to fulfill this obligation."). But these "common questions of law" no longer apply given the permanent injunction from the Colorado district court. As noted above, the Little Sisters have secured a permanent injunction from a United States District Court in Colorado preventing the federal government, including this administration, from imposing the contraceptive mandate against them. RJN, Ex. A. Unless Little Sisters Chicago (and San Pedro) are taking the position that the injunction does not apply to them—which they have not—then Little Sisters Chicago does not have any real interest in this litigation. Stated differently, regardless of whether the Religious Exemption Rule is found lawful or unlawful, Little Sisters Chicago is not subject to the contraceptive mandate. They can offer a health plan that does not provide contraceptive coverage, consistent with their stated religious beliefs, and they will not be subject to fines. As such, they have no outstanding common questions of law with the parties in this litigation.

Further, the argument that Little Sisters San Pedro was predominantly focused on is now moot, and the Little Sisters Chicago cannot "step into the shoes of the San Pedro Home." (Mot. at 10.) To date, Little Sisters San Pedro has primarily argued that the federal government had the authority to promulgate the Religious Exemption Rule and that the Rule was, in fact, required under RFRA. *See, e.g.*, ECF 437 ("[T]he Final Rule is lawful both because the Mandate violated RFRA and because the agencies are permitted to remove burdens on religious belief under RFRA."). These arguments have largely been withdrawn from this action. *See* ECF No. 434. After the Supreme Court decision in *Little Sisters v. Pennsylvania*, the plaintiff States withdrew

10

their statutory authority claim, among others. ECF 434. As a result, the only disputed issues are: 1) whether the Religious and Moral Exemption Rules violate the APA's arbitrary and capricious prong; and 2) whether the Religious and Moral Exemption Rules violate the ACA's discrimination provisions. Because the remaining issues are not those that have been primarily argued by Little Sisters San Pedro, there is no common issue of law that justifies Little Sisters Chicago's intervention.

## II. THERE ARE NO GROUNDS FOR INTERVENTION AS OF RIGHT

The Court has already concluded on December 29, 2017, that Little Sisters San Pedro did not meet the standards for intervention as of right. ECF 115 at 6-14. Because Little Sisters Chicago's motion is based entirely on standing in Little Sisters San Pedro's shoes, it likewise cannot meet the standard for intervention as of right. *Citizens for Balanced Use*, 647 F.3d at 897 (intervention as of right requires the applicant show "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest"); Fed. R. Civ. P. 24 (a).

First, as discussed above, the motion is untimely. There are no new considerations that justify this motion and any sale of Little Sisters San Pedro is purely speculative.

Second, the Little Sisters Chicago do not have a significant "protectable interest" relating to this litigation given that Little Sisters San Pedro are already involved as an intervenor-defendant and have not stated any intention to withdraw from the litigation. *Citizens for Balanced Use*, 647 F.3d at 897. Moreover, as noted above, Little Sisters Chicago already have a permanent injunction.

Third, the disposition of this action will not impair or impede Little Sisters Chicago's ability to protect its interest because any outcome in this litigation will not impact the permanent injunction established by the federal district court in Colorado. *Id.*

Finally, the existing parties adequately represent Little Sisters Chicago's interests. *Id.* at 898 (where a proposed intervenor and an existing party "share the same ultimate objective, a

presumption of adequacy of representation arises"). Little Sisters San Pedro are still operating in California and may continue to operate in California, even after a speculative sale that has yet to occur. Mot. at 5; Horseman Decl., ¶ 75. Intervenor-defendant Little Sisters San Pedro have not indicated that they intend to withdraw from this litigation now or any time following any potential sale. Accordingly, Little Sisters Chicago's interest is fully represented by Little Sisters San Pedro.

### III. IF THE COURT PERMITS INTERVENTION, IT SHOULD IMPOSE REASONABLE CONDITIONS TO ENSURE THAT EXISTING PARTIES ARE NOT PREJUDICED

If the Court permits Little Sisters Chicago to intervene, it should impose reasonable conditions to ensure that the original parties and the existing intervenors are not prejudiced by the intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987) (citing Fed. R. Civ. P. 24(b)(2)). ("Particularly in a complex case . . . a district judge's decision on how best to balance the rights of the parties against the need to keep the litigation from becoming unmanageable is entitled to great deference."). For instance, the Court should ensure that the issues are not broadened or enlarged. *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944) ("an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding"). The Court should also not permit Little Sisters Chicago to file motions or seek discovery. In short, the Court should ensure that Little Sisters Chicago stand in the place of Little Sisters San Pedro, and they should not be permitted to act as a new defendant to this action.

### CONCLUSION

Plaintiffs respectfully request that Little Sisters Chicago's motion to intervene be denied.

| | | |
|---|---|---|
| 1 | Dated: September 16, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | KATHLEEN BOERGERS<br>KARLI EISENBERG |
| 4 | | Supervising Deputy Attorneys General |

/s/ Ketakee R. Kane

KETAKEE R. KANE
Deputy Attorney General
*Attorneys for Plaintiff the State of California*

WILLIAM TONG
Attorney General of Connecticut
MAURA MURPHY OSBORNE
Assistant Attorney General
*Attorneys for Plaintiff the State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
VANESSA L. KASSAB
JESSICA M. WILLEY
Deputy Attorney General
*Attorneys for Plaintiff the State of Delaware*

KARL A. RACINE
Attorney General of the District of Columbia
KATHLEEN KONOPKA
Deputy Attorney General, Public Advocacy Division
ALACOQUE HINGA NEVITT
Assistant Attorney General
*Attorneys for Plaintiff the District of Columbia*

CLARE E. CONNORS
Attorney General of Hawaii
ERIN N. LAU
Deputy Attorney General
*Attorneys for Plaintiff the State of Hawaii*

KWAME RAOUL
Attorney General of Illinois
HARPREET K. KHERA
Bureau Chief, Special Litigation Bureau
ELIZABETH MORRIS
Deputy Bureau Chief, Special Litigation Bureau
*Attorneys for Plaintiff the State of Illinois*

BRIAN E. FROSH
Attorney General of Maryland
CAROLYN A. QUATTROCKI
Deputy Attorney General
STEVEN M. SULLIVAN
Solicitor General
KIMBERLY S. CAMMARATA
Director, Health Education and Advocacy
*Attorneys for Plaintiff the State of Maryland*

KEITH ELLISON
Attorney General of Minnesota
JACOB CAMPION
Assistant Attorney General
*Attorney for Plaintiff the State of Minnesota, by and through its Department of Human Services*

LETITIA JAMES
Attorney General of New York
STEVEN C. WU
Deputy Solicitor General
ESTER MURDUKHAYEVA
Assistant Solicitor General
*Attorneys for Plaintiff the State of New York*

JOSHUA H. STEIN
Attorney General of North Carolina
SRIPRIYA NARASIMHAN
Deputy General Counsel
*Attorneys for Plaintiff the State of North Carolina*

ELLEN F. ROSENBLUM
Attorney General of Oregon
J. NICOLE DEFEVER
Senior Assistant Attorney General
*Attorneys for Plaintiff-Intervenor the State of Oregon*

|   |   |
|---|---|
| 1 | PETER F. NERONHA |
|   | Attorney General of Rhode Island |
| 2 | MICHAEL W. FIELD |
|   | Assistant Attorney General |
| 3 | *Attorneys for Plaintiff the State of Rhode Island* |
| 4 |   |
| 5 | T.J. DONOVAN |
|   | Attorney General of Vermont |
| 6 | ELEANOR SPOTTSWOOD |
|   | Assistant Attorney General |
| 7 | *Attorneys for Plaintiff the State of Vermont* |
| 8 |   |
| 9 | ROBERT F. FERGUSON |
|   | Attorney General of Washington |
|   | JEFFREY T. SPRUNG |
| 10 | Assistant Attorney General |
| 11 | *Attorneys for Plaintiff the State of Washington* |

SA2017109209
91540446.docx

15

States' Opposition to Motion to Intervene (4:17-cv-05783-HSG)

# CERTIFICATE OF SERVICE

Case Name:  **State of California v. Health and Human Services, et al.**   No. <u>4:17-cv-05783-HSG</u>

I hereby certify that on <u>September 16, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATES' OPPOSITION TO LITTLE SISTERS CHICAGO'S MOTION TO INTERVENE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 16, 2022</u>, at Oakland, California.

|  |  |
|---|---|
| Erica A. Panoringan | /s/ Erica A. Panoringan |
| Declarant | Signature |

SA2017109209
91540701.docx