UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-05783-HSG<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 293 |

Pending before the Court is a motion to intervene filed by the States of Colorado, Michigan, and Nevada (the "Proposed Intervenors"). Dkt. No. 293. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

The Proposed Intervenors move for permissive intervention as plaintiffs under Federal Rule of Civil Procedure 24(b). The Ninth Circuit has interpreted the Rule to allow permissive intervention "where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) (quotation omitted). "In exercising its discretion" on this issue, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

On January 8, 2025, the Court lifted the stay in this case in light of the withdrawal of the proposed rules that were published in the Federal Register on February 2, 2023. *See* Dkt. No. 521. The Court further reinstated the pending motions that were under submission prior to the stay, including the parties' motions for summary judgment and this motion to intervene. *Id.* The

Proposed Intervenors confirmed that they are still seeking a ruling on the motion. Dkt. No. 522.

Plaintiffs do not oppose the motion to intervene, but the Federal Defendants and Defendant Intervenors do. *See* Dkt. Nos. 299, 300. The Federal Defendants and Defendant Intervenors appear to acknowledge that all but one of the factors for permissive intervention are met here. *Id.* They argue, however, that the Proposed Intervenors' motion is untimely and that granting the motion would facilitate forum shopping because the Proposed Intervenors waited to file their motion until after this Court had issued its ruling on Plaintiffs' motion for a preliminary injunction. *Id.* The Court disagrees. The Proposed Intervenors explain that in January 2019, the preliminary injunction was limited to the parties in this case, at which point they had to evaluate whether their interests would be adequately protected by the existing parties. *See* Dkt. No. 234 at 5. They filed their motion shortly after.

The Proposed Intervenors intend to join Plaintiffs' briefing, *see* Dkt. No. 293, and in their most recent filing they confirmed that if their motion is granted, they will seek relief consistent with Plaintiffs' pending motions for summary judgment, Dkt. No. 522. The Court finds that granting the motion would not cause any prejudice or delay under the circumstances. The Court therefore finds that Proposed Intervenors may enter this case as permissive intervenors and **GRANTS** the motion. Dkt. No. 293. As the Court previously explained, it will work expeditiously to address the pending motions for summary judgment.

**IT IS SO ORDERED.**

Dated: 3/31/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge