Eric C. Rassbach – CA SBN 288041
Mark Rienzi *pro hac vice*
Lori Windham *pro hac vice*
Diana Verm Thomson *pro hac vice*
Adèle Auxier Keim *pro hac vice*
Daniel L. Chen – CA SBN 312576
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
erassbach@becketfund.org

*Counsel for Defendant-Intervenor Little Sisters*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA, *et al.*,<br>Plaintiffs,<br><br>THE STATE OF OREGON, *et al.*,<br>Plaintiff-Intervenors,<br><br>v.<br><br>ROBERT F. KENNEDY JR., in his Official Capacity as Secretary of the U.S. Department of Health & Human Services, *et al.*<br>Defendants,<br>and,<br><br>THE LITTLE SISTERS OF THE POOR, ST. MARY'S HOME, *et al.*,<br>Defendant-Intervenors. | Case No. 4:17-cv-05783-HSG<br><br>**DEFENDANT-INTERVENOR LITTLE SISTERS OF THE POOR, ST. MARY'S HOME'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

The Little Sisters of the Poor St. Mary's Home (Little Sisters) submit this notice of supplemental authority as relevant to the pending motions to dismiss or, in the alternative, to grant summary judgment (ECF Nos. 311, 366, 368, 370, 437).

On June 5, 2025, in *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, the Supreme Court unanimously held that Wisconsin violated the Religion Clauses of the First Amendment by excluding Catholic Charities from a religious exemption from the state's unemployment insurance tax. No. 24-154, 2025 WL 1583299 (U.S. June 5, 2025). *CCB* confirms that the Religion Clauses require judgment in favor of the Little Sisters, because this Court cannot constitutionally provide the relief sought by the States, which is the reimposition of a prior version of the Mandate that exempted churches but not the Little Sisters. *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 666, 672 (2020).

In *CCB*, Wisconsin offered an exemption from its unemployment compensation program for "nonprofits 'operated primarily for religious purposes.'" *CCB*, 2025 WL 1583299, at *2. The Wisconsin Supreme Court found that Catholic Charities Bureau did not qualify for the exemption because it does not "engage in proselytization" or "serve only Catholics." *Id.* The U.S. Supreme Court unanimously reversed, with Justice Sotomayor's opinion for the Court holding that the exemption denial violated "'[t]he clearest command of the Establishment Clause' … that the government may not 'officially prefe[r]' one religious denomination over another" by "differentiating between religions based on theological lines." *Id.* at *2, *5. The Court further held that this discrimination did not withstand strict scrutiny, in part because the lines drawn by the program were "vastly underinclusive when it comes to ensuring unemployment coverage for its citizens." *Id.* at *8.[1]

This decision reaffirms the Little Sisters' argument that the Mandate—the one the plaintiff States ask this Court to re-impose—unconstitutionally discriminates between religions, triggering strict scrutiny under the First Amendment. *See* ECF No. 437 at 8-9; ECF No. 370 at 22-23. In *CCB*, the Catholic diocese was exempt, but Catholic Charities was not, because it engaged in service to those in need. *See CCB*, 2025 WL 1583299, at *15 (Thomas, J., concurring). Like the Wisconsin program, the

---

[1] The United States participated in the case as amicus in support of CCB.

Mandate the States ask this Court to reimpose offers an exemption to some religious groups, but not others. The prior Mandate exempted "churches, their integrated auxiliaries, and conventions or associations of churches, as well as … *the exclusively religious activities* of any religious order." 78 Fed. Reg. 39,870, 39,874 (July 2, 2013) (emphasis added). But under the prior Mandate, the Little Sisters' service to the elderly poor does not constitute exclusively religious activities. *See Little Sisters of the Poor Saints Peter & Paul Home*, 591 U.S. at 666. The Little Sisters' faith "requires provision of charitable services," rather than the exclusively religious activities envisioned by the Mandate's prior exemption. *CCB*, 2025 WL 1583299, at *6. The Little Sisters' eligibility for the prior exemption thus "turns on inherently religious choices … not '"secular criteria."'" *Id.* at *7. Because the Mandate's prior exemption "excludes religious organizations from an accommodation" based on their decisions to serve the elderly poor and not to be run by a church, the Mandate "imposes a denominational preference by differentiating between religions based on theological choices." *Id.* at *7-8. It must therefore withstand strict scrutiny.

*CCB* also bears on the application of strict scrutiny. In *CCB*, the Supreme Court held that Wisconsin's line-drawing was not "narrowly tailored to advance" its interests in "ensuring unemployment coverage for its citizens" and in "avoid[ing] entangling the state with employment decisions" regarding ministers. *Id.* at *8. The Court held that Wisconsin's rule was both "vastly underinclusive" and "overinclusive." *Id.* at *8-9.

Wisconsin's mandate was "vastly underinclusive" because it offered exemptions for "over 40 forms of 'employment,'" and some of those exemptions "cover[ed] religious entities that provide charitable services in a similar manner to petitioners." *Id.* at *8. The same is true here. The Mandate offers exemptions to businesses employing millions of American workers. ECF No. 370 at 4. Those employers include churches ministering to the elderly poor but who are exempt "because the work is done directly by the church itself or its ministers, rather than by a separate nonprofit organization controlled by the church." *CCB*, 2025 WL 1583299, at *8. Thus, the prior Mandate suffers from the same kind of underinclusivity as the religious exemption in *CCB*.

*CCB* held that Wisconsin's interest in limiting its exemption to ministerial employees was overinclusive because it could not "explain why it declined to craft an exemption limited to employees

who are in fact tasked with inculcating religious doctrine." *Id.* The prior Mandate similarly exempted churches as employers without differentiating between employees. 78 Fed. Reg. at 39,874. Wisconsin's church exemption and the Mandate's church exemption are both overinclusive because they "function[ ] at an organizational level, covering both the janitor and the priest in equal measure." *CCB*, 2025 WL 1583299, at *8.

Now that the Supreme Court has unequivocally ruled that the type of system the States seek is unconstitutional, this Court should enter judgment against all the States' claims and bring this 8-year-old lawsuit to a close without further delay.

Dated: June 10, 2025                                    Respectfully submitted,


/s/ Mark L. Rienzi
Mark L. Rienzi – *pro hac vice*
Eric C. Rassbach – CA SBN 288041
Lori H. Windham – *pro hac vice*
Diana Verm Thomson – *pro hac vice*
Adèle Auxier Keim – *pro hac vice*
Daniel L. Chen – CA SBN 312576
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
erassbach@becketfund.org

*Counsel for Defendant-Intervenor Little Sisters*