BRETT A. SHUMATE
Assistant Attorney General
MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch
MICHAEL GERARDI
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-0680
Email: Michael.J.Gerardi@usdoj.gov
*Counsel for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

|  |  |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, Secretary of Health and Human Services, *et al.*, <br><br> Defendants, <br><br> and, <br><br> THE LITTLE SISTERS OF THE POOR, ST. MARY'S HOME, *et al.*, <br><br> Defendant-Intervenors | Case No.: 4:17-cv-5783-HSG <br><br> **SUPPLEMENTAL BRIEF OF FEDERAL DEFENDANTS IN RESPONSE TO THE COURT'S AUGUST 27 ORDER (ECF NO. 547)** |

## INTRODUCTION

In this case, several States challenge final rules issued by federal agencies[1] responsible for administering the Affordable Care Act ("ACA") that create religious and moral exemptions to the contraceptive-coverage mandate imposed by the ACA ("the Rules").

---

[1] The Department of Health and Human Services, the Department of Labor, and the Department of the Treasury.

Pending before the Court are the parties' cross-motions for summary judgment. On August 13, 2025, a court in the Eastern District of Pennsylvania issued an opinion and order vacating the Rules. *See Pennsylvania v. Trump*, No. CV 17-4540, 2025 WL 2349798 (E.D. Pa. Aug. 13, 2025), *appeal docketed*, No. 25-2575 (3d Cir.) ("the *Pennsylvania* decision"). The Court has directed the parties "to file supplemental briefs identifying what authority the Court retains to rule on the pending motions in light of" the *Pennsylvania* decision. Order Requesting Suppl. Briefing, Dkt. No. 547. As explained below, the *Pennsylvania* decision does not moot this case, because Defendants' appeal of that decision remains pending. Accordingly, the parties retain a concrete interest in the outcome of this litigation that permits this case to move forward.

## ARGUMENT

**The *Pennsylvania* Decision Did Not Moot This Case.**

"There is . . . no case or controversy, and a suit becomes moot, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). But "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id*. (citation omitted). Here, as a matter of law and logic, the district court's vacatur of the Rules in the *Pennsylvania* case did not eliminate the parties' continuing concrete interest in the outcome of this case because the *Pennsylvania* decision remains subject to judicial review.

Defendants have appealed the adverse decision in *Pennsylvania*. The possibility that the vacatur order entered by that court may be reversed on appeal is sufficient reason to conclude that this case is not moot. As the Supreme Court recognized in *Chafin*, "[c]ourts often adjudicate disputes where the practical impact of any decision is not assured." *Id*. at 175. For example, the Supreme Court has decided the government's appeal from the reversal of a criminal conviction even after the defendants had been deported, because of the possibility that "the defendants might 're-enter this country on their own' and encounter the

consequences of [the Court's] ruling." *Id*. at 176 (quoting *United States v. Villamonte-Marquez*, 462 U.S. 579, 581 n.2 (1983)). A contrary rule could deprive the Supreme Court of the benefits of percolation among the courts of appeals. *Cf. United States v. Mendoza*, 464 U.S. 154, 160 (1984). Therefore, a ruling by another court does not moot a case when further judicial review of that ruling is being pursued. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005) (Delaware Supreme Court ruling did not render similar action moot, because defendant "will petition [the U.S. Supreme] Court for a writ of certiorari"); *Nat'l Wildlife Fed'n v. Burford*, 677 F. Supp. 1445, 1453 (D. Mont. 1985) (action to set aside coal leases was not mooted by a judgment in another action voiding the leases, because post-judgment motions remained pending and thus appeal of the judgment was still possible), *aff'd*, 871 F.2d 849 (9th Cir. 1989).

Indeed, in this very litigation, the Ninth Circuit has held that the entry of a nationwide preliminary injunction by another court enjoining the Rules did not moot the government's appeal of the preliminary injunction previously entered in this case. *California v. U.S. Dep't of Health & Hum. Servs.*, 941 F.3d 410, 421-22 (9th Cir. 2019), *cert. granted*, *judgment vacated on other grounds*, *Little Sisters of the Poor Jeanne Jugan Residence v. California*, 141 S. Ct. 192 (2020). The *Pennsylvania* decision thus does not moot this case, because Defendants' appeal of the vacatur order issued in that decision remains pending. *See Pennsylvania v. Trump*, No. 25-2575 (3d Cir.). If Defendants were to prevail in that appeal, then the vacatur order would no longer remain in effect, which would allow the government to implement the challenged rules in the fourteen plaintiff States here. That is a sufficiently concrete interest in the outcome of this suit to permit this case to move forward.

When faced with a similar situation—when a nationwide injunction has been entered in a case that is parallel to one already proceeding within the Ninth Circuit—this Circuit's prior practice has been to allow the existing case to continue. For example, in *Hawaii v. Trump*, 859 F.3d 741 (9th Cir. 2017), *vacated on other grounds*, 583 U.S. 941 (2017), the Ninth Circuit adjudicated the government's appeal of an injunction against an executive order

even though another circuit had already upheld a nationwide injunction barring enforcement of the same executive order, *see Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554 (4th Cir. 2017), *vacated*, 583 U.S. 912 (2017).  Likewise, in *Regents of the University of California v. U.S. Department of Homeland Security*, 908 F.3d 476 (9th Cir. 2018), *vacated in part and reversed in part on other grounds*, 591 U.S. 1 (2020), the Ninth Circuit adjudicated the government's appeal of an injunction against certain aspects of the rescission of an executive policy even though a district court in another circuit had issued a nationwide injunction against the same aspects of the rescission, *see Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018), *vacated and remanded*, *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1 (2020); *see also City & Cnty. of San Francisco v. U.S. Citizenship & Immigr. Servs.*, 944 F.3d 773, 788 (9th Cir. 2019) (issuance of nationwide injunctions enjoining rule in other circuits did not prevent court from adjudicating motion to stay injunction entered by district court enjoining the same rule); *Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1279-86 (11th Cir. 2021) (same); *see also id*. at 1285 ("[C]onsidering that courts lack Article III jurisdiction when a case is moot, we think it likely that, had the Supreme Court thought one or more of the courts that rendered the decisions it was reviewing lacked subject matter jurisdiction, it would have commented on that.").  For the same reasons, the *Pennsylvania* decision does not render this case moot, and the Court should resolve the parties' pending cross-motions for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court retains jurisdiction to resolve the parties' pending cross-motions for summary judgment notwithstanding the *Pennsylvania* decision.

Dated: September 12, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

        /s/ *Michael Gerardi*
MICHAEL GERARDI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 616-0680
Email: Michael.J.Gerardi@usdoj.gov
*Counsel for Federal Defendants*