ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
KARLI EISENBERG
KATHLEEN BOERGERS
Supervising Deputy Attorneys General
LAUREN ZWEIER
Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
   Telephone: (415) 510-3539
   Fax: (415) 703-5480
   E-mail: Lauren.Zweier@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*<br><br>                            Plaintiffs,<br><br>   v.<br><br>ROBERT F. KENNEDY, JR., Secretary of Health and Human Services, *et al.*,<br><br>                            Defendants,<br><br>THE LITTLE SISTERS OF THE POOR, ST. MARY'S HOME, *et al.*,<br><br>                       Defendant-Intervenors. | 4:17-cv-05783-HSG<br><br>**PLAINTIFF STATES' SUPPLEMENTAL BRIEF**<br><br>Judge:    The Honorable Haywood S. Gilliam, Jr.<br><br>Action Filed: October 6, 2017 |

**INTRODUCTION**

On August 13, 2025, the Eastern District of Pennsylvania vacated the Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act (82 Fed. Reg. 47,4792 & 83 Fed. Reg. 57,536) (the "Religious Exemption Rule") and the Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act (82 Fed. Reg. 47,838 & 83 Fed. Reg. 57,592) (the "Moral Exemption Rule") (together, the "Rules"). *See Pennsylvania v. Trump*, No. 17-4540 (E.D. Pa. Aug. 13, 2025). On August 27, 2025, this Court cautioned that "it may not issue advisory opinions," and questioned whether "the pending motions—and indeed this case—are not currently moot in light of the [ ] order entirely vacating the Final Rules." ECF No. 547. Accordingly, the Court ordered the parties "to file supplemental briefs identifying what authority the Court retains to rule on the pending motions in light of the [ ] order vacating the Final Rules." *Id*. As explained below, this Court retains jurisdiction to rule on the pending motions and, at a minimum, it retains jurisdiction over this case until complete and final resolution of *Pennsylvania v. Trump*.

**DISCUSSION**

A case is moot when there is no longer a live controversy, i.e. when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). However, "[c]ourts often adjudicate disputes where the practical impact of any decision is not assured." *Id.* at 175. Accordingly, a ruling by another court does not moot a case when further review of that ruling is being pursued. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005) (Delaware Supreme Court ruling did not render similar action moot, because defendant "will petition [the Supreme] Court for a writ of certiorari"); *Nat'l. Wildlife Fed'n v. Burford*, 677 F. Supp. 1445, 1453 (D. Mont. 1985) (action was not moot, in part, because "possibility, if not likelihood, of appeal"), *aff'd*, 871 F.2d 849 (9th Cir. 1989); 13B Wright & Miller, Federal Practice and Procedure § 3533.2.1 (3d ed. 2008) ("Mootness may be denied because the decision is subject to reopening or appeal"). This is the case even when another district court vacates an administrative rule in its entirety. *See, e.g., Washington v. Azar*, 426 F. Supp. 3d 704, 720 (E.D. Wash. 2019) (pending cross-motions for

summary judgment were not moot even though another district court vacated rule at issue, "given that it is likely [the judge's] order would be appealed"); *see also E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1030 (9th Cir. 2019) (preferring "percolation of legal issues in the lower courts" so that the Supreme Court can assess administrative rules with "the benefit of additional viewpoints from other lower federal courts and [with] a fully developed factual record" (alterations in original) (citation omitted)).

Here, the Eastern District of Pennsylvania's vacatur of the Rules does not moot the pending motions or this case because the appeal of that ruling is pending. *See Pennsylvania v. Trump*, Nos. 25-2575, 25-2662. If the defendants/appellants prevail, the Rules challenged in the instant litigation will go back into effect. Thus, the States have a sufficiently concrete interest for this case to go forward. However, if the Court prefers to stay this case until resolution of the related case, the States have no objection. At a minimum, staying this case until resolution of the Pennsylvania matter would preserve the States' interest in the event the vacatur is overturned and the Rules are reinstated.

## CONCLUSION

The Court should proceed with adjudicating the pending motions. Alternatively, the Court could stay this case until final resolution of *Pennsylvania v. Trump*.

Dated: September 12, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
KATHLEEN BOERGERS
KARLI EISENBERG
Supervising Deputy Attorneys General

***/s/ Lauren Zweier***
LAUREN ZWEIER
Deputy Attorney General
*Attorneys for Plaintiff State of California*